OCT 3 1 2013

DEBORAH S. HUNT, Clerk

**United States Court of Appeals
For the Sixth Circuit**

EDDIE SYLVESTER JONES JR                )
                                        )
    PLAINTIFF-APPELLANT                 )
                                        )
vs                                      )        Case No: 13-6127
                                        )
                                        )    Originating Case No: 2:12-cv-02510
WILSONAND ASSOCIATES PLLC et,al         )
FIRST TENNESSEE NATIONAL BANK           )
FIRST HORIZON NATIONAL CORPORATION      )
NATIONSTAR MORTGAGE LLC                 )
                                        )
    DEFENDANTS-APPELLEES                )


# EMERGENCY MOTION STAY FOR INJUNCTIVE RELIEF PENDING APPEAL


## RELIEF REQUESTED IN 21 DAYS BEFORE NOVEMBER 22, 2013

The Appellant pro se Eddie Sylvester Jones Jr. comes before the U.S. Court of Appeals of the

Sixth Circuit and filed this motion for a  Immediate Stay of Relief Pending  an Appeal pursuant

to FRAP 8 (1) (a). Appellant is requesting an emergency ruling and order on this motion, moves

this Court for entry of an Order staying this case pending appeal and certify that to avoid

irreparable harm, relief is needed in less than 26 days. Appellee Wilson and Associates PLLC

Law Firm, debt collector for Appellee Nationstar Mortgage LLC a mortgage loan servicer of the

allege loan in this matter has initiated foreclosure procedures against the Appellant's primary

dwelling known as: 1980 Prado Ave, Memphis Tennessee 38116. *(see exhibit* 1 Foreclosure Documents from Wilson and Associates PLLC). While this appeal has been filed in this Court Appellees are fully aware that the Appellant has filed a timely Notice of Appeal on August 16, 2013 with the U.S. Western District Court of Tennessee and is presently pending in this Court.

## SUMMARY OF FACTS

1. It would be impracticable for Appellant to file for relief in the District Court due to a final judgment was rendered on August 06, 2013 by Judge James Todd dismissing all motions and the case in favor of all Appellees and ordered this case not to be taken in good faith.

2. It is well settled that a deprivation of a person's legally protected property right will result in irreparable harm.  In the instant case, Appellee Wilson and Associates PLLC and Nationstar Mortgage LLC are infringing upon the Appellant fourteen amendment right, due process of law.  Moreover, the harm resulting from Defendants' action is an attempt to remove from this Court jurisdiction of the matter at hand. Accordingly, Plaintiffs' motion clearly establishes that a denial of injunctive relief will result in immediate and continuing irreparable harm to Appellant.

3. This Court should grant a stay of injunctive relief in favor of the Appellant based on Appellant rights to an appeal from the District Court pursuant to FRCP rule 3 (3) Appeal as a Right from a judgment in the District Court.

4. That Appellee Nationstar, First Horizon National Corporation child company of First Tennessee National Bank and Nationstar Mortgage LLC all lack standing in the appellant property and is not the real party of interest who could enforce a foreclosure proceeding on the Appellant's property.

5. It was argued in the District Court that the defendants lack standing and was not the real party of interest. Appellant hired a Mortgage Forensic Auditor Jeffrey Tolson who audited the appellant's property and submitted an affidavit to the District Court verifying the Appellant property had been securitized by First Tennessee National Bank into a First Horizon mortgage asset backed security trust 2007-1. The affidavit also asserted that the trust was terminated and no further assignments were made on behalf of the Pool of investors from the trust. (see exhibit 2 affidavit of Jeffrey Tolson) further, see DLJ Capital, Inc. v. Parsons, Case No: 07-MA-17 (2008). *A genuine issue of material fact existed as to whether or not Appellee was the real party in interest as there was no evidence on the record of an assignment. Reversed for lack of standing.*

6. The Prospectus filed with the Security Exchange Commission regarding the Trust where the Appellant loan was sold and collateralized list First Horizon National Corporation as the Trustee and First Tennessee National Bank as the Servicer for the Trust. First Tennessee National Bank, First Horizon National Corporation nor Nationstar Mortgage LLC was in the Pool of investors where the loan was sold and collateralized. Therefore all lack Standing and are not the real party of interest. In order to foreclose one must be the Beneficiary and produce the original wet ink document loan Promissory Note and the Deed of Trust. Federal Rule of Civil

Procedure 17(a)(1) which requires that "[a]n action must be prosecuted in the name of the real party in interest." *See also, In re Jacobson, 402 B.R. 359, 365-66 (Bankr. W.D. Wash. 2009); In re Hwang, 396 B.R. 757, 766-67 (Bankr. C.D. Cal. 2008).*

In all likelihood the Note and the deed has been separated. Under the statutes of Tennessee Annotated Code a foreclosure cannot proceed unless the deed and the note have not been separated and the perfection of all documents must be in order. Appellant has requested of all Appellees through 2 separate Qualified Written Request in affidavit form under notary seal pursuant to the RESPA ACT and TILA. and Appellee First Tennessee National Bank and its child company First Horizon National Corporation has failed to respond according within in the required time frame or provide the appropriate forms requested.

7. Appellees have failed to supply the Appellant with a Model- Appendix H form Right of Rescission. Pursuant to 12 CFR 226.23 (h),(1) special rules for foreclosure states after initiation of foreclosure on the consumer's principal dwelling that secures a credit obligation, the consumer shall have the right to rescind the transaction if: (ii) The creditor did not provide the properly completed appropriate model form appendix H of this part, or a substantially similar notice of rescission. Appellees have failed to adhere to this law. The Appellant loan was nothing more than a credit transaction that occurred between First Tennessee National Bank..

8. The Promissory Note has been altered modified with forged signature by initialing from an unknown agent of First Tennessee National Bank. The appellant asserts this not his signature initialing on the loan Promissory Note signed on

4

August 14, 1987. This was presented as evidence in the District Court and denied by Judge James Todd without any of the Appellees arguing or denying the relevance of the evidence to substantiate their claim and refute the Appellant's claims. (See exhibit 3) Loan Promissory Note.

9. All Defendants-Appellee have not rebutted any affidavits submitted under notary seal to them either by certified mail or any that were filed in the District Court.(see) In LEO F. PIAZZA PAVING CO. v. FOUNDATION. ETC. Cal.Rptr. 265, *"...failure to file an affidavit cannot be remedied by resort to pleadings; adverse party must file affidavit in opposition showing sufficient facts to substantiate their allegations."*

*"Indeed, no more than (affidavits) is necessary to make the prima facie case."*(see) United States v. Kis, 658 F.2d, 526 (7th Cir. 1981). Cert Denied, 50 U.S. L.W. 2169; S. Ct. March 22, (1982). Appellees have never responded to affidavits submitted to them."

(see) *U.S. v. Tweel*, 550 F.2d 297 (1977 *"Silence can only be equated with fraud where there is a legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading).*

10. That First Tennessee National Bank never loan the Appellant any money or any of its assets. First Tennessee Bank never gave any consideration that would constitute any legal binding contract with the Appellant. First Tennessee National Bank has failed to offer any proof of such. It was the Appellant signature on the loan Promissory note that created the money. *"It has been settled beyond controversy that a national bank, under Federal law, being limited in its power and capacity, cannot lend its credit by nor guarantee the debt of another. All such contracts being entered into by its officers are ultra vires and not binding upon the corporation."* It is unlawful for banks to loan their deposits. (see) Howard & Foster Co. vs. Citizens National Bank, 133 S.C. 202, 130 S.E. 758 (1926),

*No lawful consideration tendered by Original Lender and/or Subsequent Mortgage and/or Servicing Company to support the alleged debt. "A lawful consideration must exist and be tendered to support the Note" and demand under TILA Article III full disclosure of any such consideration.*(see) Anheuser-Busch Brewing Company v. Emma Mason, 44 Minn. 318, 46 N.W. 558 (1890).

11. The allege loan was created by fraud in the inducement and lacked full disclosure and misrepresentation, misfeasance and malfeasance on the part of First Tennessee National Bank and its agents pursuant to TILA Act.

12. That the granting of injunctive relief will not result in even greater harm to the nonmoving party, and that the grant of stay of relief is in the public interest — is also clearly established in Appellants' Motion. No harm will result to Nationstar Mortgage LLC, First Tennessee National Bank or its child company First Horizon National Corporation should injunctive relief be granted. Conversely, immediate and irreparable harm will result to Appellant should injunctive relief be denied. The same is also true with respect to the public interest that the legally protected property rights of Appellant be protected. It is well settled in the Courts that the public interest is at stake from the thousands of wrongful foreclosures and fraudulent acts committed by Banks/Lenders/Mortgage Servicers being perpetrated on the American Citizens. The matters addressed in this motion demonstrate Nationstar Mortgage LLC, First Tennessee National Bank or its child company First Horizon National Corporation failed to produce adequate records of transfers of underlying notes that has been requested by the Appellant via a Qualified Written

Request. Without a proper paper trail, Nationstar Mortgage LLC, First Tennessee National Bank or its child company First Horizon National Corporation cannot show that they have standing nor are they real parties in interest entitled to bring subsequent foreclosure action. Nationstar Mortgage LLC, First Tennessee National Bank or its child company First Horizon National Corporation and their agents are not the Real Party in Interest and have not presented any evidence to show proof of such and therefore lack standing.

13. The undersigned further alleges that there is absolutely no admissible evidence produced by the Appellees in the Record that would show that the original Trust Deed and Promissory Note were timely transferred to any purchaser, trustee, or servicer.

14. The undersigned further alleges that there is absolutely no admissible evidence in the Record that would show that the original Trust Deed and Promissory Note are still together as mandated by the Uniform Commercial Code (UCC) and Tennessee Annotated Code.

14. The undersigned further alleges that there is absolutely no admissible evidence in the Record that would show that First Tennessee National Bank, First Horizon National Corporation or Nationstar Mortgage LLC is the Holder in Due Course of the original Trust Deed and Promissory Note.

## **CONCLUSION**

WHEREFORE, Appellants' Motion and facts presented above satisfies each and every element necessary to grant a Stay of relief, Appellants' relies on the facts presented in the District Court and this motion for which this appeal has been filed with the U.S. Court of Appeals Court Sixth Circuit. There has been no proof to the contrary by Nationstar Mortgage LLC, First Tennessee National Bank or its child company First Horizon National Corporation they are in possession of the original Trust Deed or Promissory Note. Appellant request that all Appellees cease and desist foreclosure proceeding and an Emergency Stay of Relief Pending Appeal be granted.

It is therefore, Appellant prays:

1. Immediate Stay be granted

2. The sale of the Appellant property be set aside during Appeal

Respectfully submitted,

*Eddie S Jones Jr*

Eddie Sylvester Jones Jr

## Certificate of Service

I <u>Eddie Sylvester Jones Jr</u> hereby certify that on this 28th day of October, 2013 a true and correct copy of the foregoing was served to the below listed counsel via U.S. Postal Mail.

Nolan M. Johnson
Kristine L. Roberts
Baker Donelson, Bearman, Caldwell& Berkowitz PC
165 Madison Ave Suite 2000
Memphis, Tennessee 38103

Jerry Morgan
Wilson and Associates PLLC
Creekside Crossing III
8 Cadillac Drive, Suite 120
Brentwood, Tennessee 37027

Eddie Sylvester Jones Jr
1980 Prado Ave
Memphis, Tn. 38116
901-265-5453 telephone
Pro Se Appellant

**United States District Court for the** Western
**District of** Tennessee

RECEIVED

2013 AUG 16 PM 3: 01

Eddie Sylvester Jones Jr

**Plaintiff,**

**vs.**                                    CASE NO. 2:12-cv-02510-.

First Tennessee Bank Na-Nationstar Mortgage LLC

First Horizon National Corporation

Wilson and Associates PLLC et al

**Defendant.**

# NOTICE OF APPEAL

Notice is hereby given that _____ Eddie Sylvester Jones Jr _____ , hereby appeal
(here name all parties taking the appeal)

to the United States Court of Appeals for the  Sixth Circuit from (D.E. 44) Final Judgement
(the final judgment) (from an

Order of Dismissal,case in entirety entered in this action on the ___ 6th ___ day of
order (describing it))

_____ August _____ , 2013 .

(s) Eddie Sylvester Jones Jr

Address: 1980 Prado Ave

Memphis, Tn 38116

Attorney for Plaintiff- Pro-se Litigant

cc:  Opposing Counsel ✓
     Court of Appeals ✓

6CA-3
1/99

# United States District Court
## WESTERN DISTRICT OF TENNESSEE

### JUDGMENT IN A CIVIL CASE

EDDIE SYLVESTER JONES, JR.,
Plaintiff,

v.

WILSON & ASSOCIATES, P.L.L.C.,
ET AL.,
Defendants.

CASE NUMBER: 2:12-cv-2510-JDT

**Decision by Court.**  This action came to consideration before the Court.  The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that in compliance with the order entered in the above-styled matter on 8/6/13, the Court ADOPTS the Report and Recommendation in its entirety, and this case is hereby DISMISSED.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith.  Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.  Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

APPROVED:

      s/ James D. Todd
      JAMES D. TODD
      UNITED STATES DISTRICT JUDGE

THOMAS M. GOULD
CLERK

BY: s/Anna Jordan
DEPUTY CLERK

exhibit +1



THIS FIRM PRACTICES IN MULTIPLE STATES AND MAY BE CONSIDERED TO BE A DEBT COLLECTOR IN SOME JURISDICTIONS. TO THE EXTENT IT IS APPLICABLE, THE FOLLOWING NOTICE IS PROVIDED: THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED CAN BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.

# WILSON & ASSOCIATES, P.L.L.C.

**Attorneys at Law – Arkansas and Tennessee**
1521 Merrill Drive, Suite D-220
Little Rock AR 72211
501-219-9388
Fax: 501-219-9458
Internet: www.wilson-assoc.com

September 30, 2013



237408

**VIA CERTIFIED MAIL**

Mr. Eddie S. Jones
1980 Prado Avenue
Memphis, TN 38116

RE:    Eddie S. Jones and Pamela Jones
       1980 Prado Avenue
       Memphis, Tennessee 38116
       W&A No. 931-20645
       FHA No. 482-195075-6

Dear Mr. Jones:

**IF YOU HAVE PREVIOUSLY BEEN DISCHARGED FROM A CHAPTER 7 OR 13 BANKRUPTCY, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT FROM YOU PERSONALLY. THIS LETTER ONLY SERVES AS NOTICE OF THE UPCOMING FORECLOSURE AS REQUIRED BY EITHER YOUR SECURITY INSTRUMENT, TENNESSEE ANNOTATED, AND/OR THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT.**

Pursuant to the enclosed Notice of Trustee's Sale, please be advised that the property commonly known as 1980 Prado Avenue, Memphis, Tennessee 38116 is scheduled to be sold at foreclosure sale.

IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CREDITOR ON THE ATTACHED NOTICE OF SALE, THEN UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS OF THE RECEIPT OF THIS NOTICE, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

**THE LAW FIRM OF WILSON & ASSOCIATES, P.L.L.C. COLLECTS DEBTS FOR MORTGAGE LENDERS. ANY INFORMATION OBTAINED IN THIS REGARD MAY BE USED FOR THAT PURPOSE.** If you have any questions, please feel free to contact our Loss Mitigation Department at 501-734-2100.

Sincerely,

WILSON & ASSOCIATES, P.L.L.C.

Enclosure
cc:    LenStar

## NOTICE OF TRUSTEE'S SALE

WHEREAS, default has occurred in the performance of the covenants, terms, and conditions of a Deed of Trust Note dated August 14, 1987, and the Deed of Trust of even date securing the same, recorded August 25, 1987, as Instrument No. AA 4168 in Office of the Register of Deeds for Shelby County, Tennessee, executed by Eddie S. Jones and Pamela Jones, conveying certain property therein described to Ralph E. Kelly and Thomas F. Baker, IV as Trustee for First Tennessee Bank National Association; and the undersigned, Wilson & Associates, P.L.L.C., having been appointed Successor Trustee.

NOW, THEREFORE, notice is hereby given that the entire indebtedness has been declared due and payable; and that an agent of Wilson & Associates, P.L.L.C., as Successor Trustee, by virtue of the power, duty, and authority vested in and imposed upon said Successor Trustee will, on **November 22, 2013 on or about 12:00 P.M., at the Shelby County Courthouse, Memphis, Tennessee,** offer for sale certain property hereinafter described to the highest bidder FOR **certified funds** paid at the conclusion of the sale, or credit bid from a bank or other lending entity pre-approved by the successor trustee. The sale is free from all exemptions, which are expressly waived in the Deed of Trust, said property being real estate situated in Shelby County, Tennessee, and being more particularly described as follows:

> **Lot 195, Section B, Holmesdale Subdivision, as shown on plat of record in Plat Book 30, Page 74, in the Register's Office of Shelby County, Tennessee, and to which plat reference is hereby made for a more particular description of said property.**

**ALSO KNOWN AS: 1980 Prado Avenue, Memphis, Tennessee 38116**

This sale is subject to all matters shown on any applicable recorded plat; any unpaid taxes; any restrictive covenants, easements, or setback lines that may be applicable; any statutory rights of redemption of any governmental agency, state or federal; any prior liens or encumbrances as well as any priority created by a fixture filing; and to any matter that an accurate survey of the premises might disclose. In addition, the following parties may claim an interest in the above-referenced property: **Eddie S. Jones; Pamela Jones; Internal Revenue Service; McClain Motors; Credit Acceptance Corporation; BMH Desto; Methodist Health Systems; Capital One Bank; Midland Funding LLC; Secretary of Housing & Urban Development; Jones Family Revocable Living Trust**

On or about August 15, 2003, the United States of America, Internal Revenue Service, filed a federal tax lien against the Defendant, Eddie Jones Jr, recorded in the Register's Office of Shelby County, Tennessee, as Instrument No. 03163140. Any interest in the property held by the United States of America, Internal Revenue Service, by virtue of the aforementioned federal tax lien is both junior and inferior to the interests held by First Horizon Home Loans, a division of First Tennessee Bank National Association. Provided, however, that the United States of America, Internal Revenue Service, pursuant to 26 U.S.C. §7425 and 28 U.S.C. §2410(c), shall have one hundred and twenty (120) days from the date of the sale within which to redeem the property by

virtue of its tax lien(s) herein by payment of the actual amount paid by the purchaser at the foreclosure sale, plus any amount in excess of the expenses necessarily incurred in connection with such property, less the income from such property, plus a reasonable rental value of such property. As required by 26 U.S.C. §7425(b), the United States of America, Internal Revenue Service has been given timely notice of this action.

The sale held pursuant to this Notice may be rescinded at the Successor Trustee's option at any time. The right is reserved to adjourn the day of the sale to another day, time, and place certain without further publication, upon announcement at the time and place for the sale set forth above. **W&A No. 931-20645**

DATED September 30, 2013

INSERTION DATES:                          WILSON & ASSOCIATES, P.L.L.C.,
                                          Successor Trustee

  October 15, 2013
  October 22, 2013
  October 29, 2013


FHA No. 482-195075-6

DSaleNoticeTN-Shellie_bbanda_130930_1001

# FOR SALE INFORMATION, VISIT WWW.MYFIR.COM and WWW.REALTYTRAC.COM

Exhibit 2

Case: 13-6127    Document: 20    Filed: 10/31/2013    Page: 15

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF TENNESSEE WESTERN DIVISION

EDDIE S. JONES, JR.

        Plaintiff,

No.: 2:1202510

V.

WILSON AND ASSOCIATES, PLLC et al.

        Defendant,

## AFFIDAVIT OF JEFFREY TOLSON

STATE OF ILLINOIS     )
COUNTY OF DUPAGE    )

      Before me, the undersigned authority, personally appeared Jeffrey Tolson, who being first duly sworn according to law deposes and states as follows:

1.   My name is Jeffrey Tolson and I am a resident of Wood Dale, Illinois, over the age of twenty-one (21), and am competent to testify as to the matters set forth herein. This affidavit is based on my personal knowledge as to the matters set forth herein.

2.   I am President of Auditing Services of America at 1888 East Clark Parkway, Batavia, Illinois 60512.

3.   I am a certified Forensic and Securitization Residential and Commercial Loan Auditor. I have hundreds of hours of experience in conducting SEC entity searches, locating filings and extracting pertinent data as it pertains to the securitization of loans. I have produced hundreds of Securitization Audits.

4.   I was able to find and locate all the information contained within this affidavit by searching

1

websites, internet search engines, and subscription services, including but not limited too, the appropriate County Recorder of Deeds, Bloomberg, MERS (Mortgage Electronic Registration Systems), Fannie Mae (FNMA, Federal National Mortgage Association), Freddie Mac (FHLMC, Federal Home Loan Mortgage Corporation), Ginnie Mae (GNMA, Government National Mortgage Association), Tennessee Secretary of State, Shelby County Assessor, Tennessee Department of Financial and Professional Regulation, EDGAR (Electronic Data Gathering Analysis and Retrieval), IRS (Internal Revenue Service), and the SEC (Securities and Exchange Commission).

5.   On May 23, 2013, I personally audited and investigated the mortgage documents of Eddie S. Jones and Pamela Jones pertaining to the real property located at 1980 Prado, Memphis, TN 38116. The facts set forth in this Affidavit are based on the results of the audit.

## FACTS GERMANE TO THE TRANSFER OF THE PROMISSORY NOTE AND DEED OF TRUST

6.   On August 14, 1987, Eddie S. Jones and Pamela Jones signed a promissory note (hereinafter referred to as the "Note") for the amount of $71,250 to First Tennessee Bank N.A.# 0005064647. A true and correct copy of the aforementioned promissory note is attached hereto as **Exhibit A.**

7. On August 14, 1987, Eddie S. Jones and Pamela Jones signed a Deed of Trust (hereinafter referred to as the "Deed of Trust") to First Tennessee Bank N.A.as a nominee and beneficiary, conveying a security interest in the Subject Property. A true and correct copy of the aforementioned Deed of Trust is attached hereto as **Exhibit B.**

8.   On January 25, 2007, the Trust filed with the Securities & Exchange Commission ("the SEC") a Free Writing Prospectus ("FWP") which contains the Note and Deed of Trust. A true and correct copy of the referenced FWP is attached as **Exhibit C.**

9.   On or about October 12, 2006, the Note and the Deed of Trust was purportedly sold to a First Horizon Mortgage Pass – Through Trust 2007-1 (hereinafter the "Trust"), with The Bank

2

of New York as Trustee; First Tennessee Bank, N.A. retaining servicing rights. The Loan was

identified in Asset-Backed Pass-Through Certificates, Series 2007-1 based on loan level data

that corresponds exactly with Jones' loan documents provided:

- Original Amount: $71,250.00;
- Location of Property: Tennessee;
- Property Type: Single Family Residence;
- Zip Code: 38116

10.    On January 30, 2008, the Trust filed with the SEC its Form 15D, "Certification and Notice

of Termination." A true and correct copy of the Form 15-150 is attached as **Exhibit D.**

11.    On March 28, 2008, the Trust filed with the SEC its final Form 10K.  A true

and correct copy of the Form 10-k is attached as **Exhibit E.**

12.    Based on my investigation, the Note and the Deed of Trust were never transferred or

assigned from the Trust to the Bank of New York.


Further affiant sayeth none.

Jeffery Tolson


STATE OF ILLINOIS
COUNTY OF DUPAGE

    BE IT REMEMBERED that on this   **2**    day of June , **2013**, personally
appeared before me, Jeffrey Tolson who first being duly sworn, makes oath that he
has read the foregoing affidavit, and that the matters and things contained therein
are  true  and correct to the best of his knowledge, information and belief.


<u>06/02/2013</u>

**DATE**                                                    Notary Public


"OFFICIAL SEAL"
ROCIO PULIDO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 04/29/2014

**EXHIBIT A**

0005064647
0005064647

| This form is used in connection with deeds of trust insured under the one- to four-family provisions of the National Housing Act. |
|---|

# DEED OF TRUST NOTE

FHA CASE NO.
482-195075-6

$ 71,250.00

Memphis, Tennessee
August 14, 1987

FOR VALUE RECEIVED, the undersigned promise(s) to pay to
FIRST TENNESSEE BANK NATIONAL ASSOCIATION
or order, the principal sum of  SEVENTY ONE THOUSAND TWO HUNDRED FIFTY AND NO/100———————
————————————————————————————Dollars ($ 71,250.00    ),

with interest from date at the rate of  Eight and one-half       per centum (  8.5   %)
per annum on the unpaid balance until paid. The said principal and interest shall be payable at the office of
   FIRST TENNESSEE BANK NATIONAL ASSOCIATION, P.O. Box 474
   Memphis, Tennessee  38101                                              , in

, or at such other place as the holder hereof may designate in writing, in monthly installments of  FIVE HUNDRED
FORTY SEVEN AND 86/100————————————————————
———————————————————Dollars ($ 547.86   )
commencing on the first day of  October            , 19 87, and on the first day of each month thereafter
until the principal and interest are fully paid, except that the final payment of principal and interest, if not sooner
paid, shall be due and payable on the first day of  September , 2017.

   If default be made in the payment of any installment under this note, and if the default is not made good
prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once be-
come due and payable without notice at the option of the holder of this note. Failure to exercise this option shall
not constitute a waiver of the right to exercise the same in the event of any subsequent default. In the event of
default in the payment of this note, and if the note is collected by an attorney at law, the undersigned agree(s) to
pay all costs of collections, including a reasonable attorney's fee.
   "THE INITIAL INDEX VALUE FOR THIS NOTE IS 6.77%"
   The maker(s) and endorsers severally waive presentment, protest and demand, notice of protest, demand and
of dishonor and nonpayment of this note, and expressly agree that this note, or any payment thereunder, may be
extended from time to time without in any way affecting the liability of the maker(s) and endorser(s) hereof.

This note is secured by a Deed of Trust of even date herewith duly recorded in the Register's office, County
of  Shelby                    , State of Tennessee, conveying real estate located in said county.
SEE ADJUSTABLE RATE ALLONGE AMENDING NOTE ATTACHED HERETO AND MADE A PART HEREOF
FOR ADDITIONAL TERMS, COVENANTS AND CONDITIONS OF THIS NOTE, INCLUDING, WITHOUT
LIMITATION, PROVISIONS FOR ADJUSTING THE
INTEREST RATE AND MONTHLY PAYMENTS.

EDDIE S. JONES

PAMELA JONES

*SEE ADJUSTABLE RATE ALLONGE AMENDING NOTE

Replaces Form FHA-9179, which is Obsolete                                          HUD-99139 (7-70)

WITHOUT RECOURSE, PAY TO THE ORDER OF
FT MORTGAGE COMPANIES DBA SUNBELT NATIONAL MORTGAGE

FIRST TENNESSEE BANK NATIONAL ASSOCIATION

BY _____
MARIAN WOODS/VICE PRESIDENT

Pay to the order of

Without Recourse
FT Mortgage Companies
dba Sunbelt National Mortgage

Georgina V. Cardenas
Assistant Vice President

Exhibit 3

000506464?
000506769?

| This form is used in connection with deeds of trust insured under the one- to four-family provisions of the National Housing Act. | | FHA CASE NO. |
|---|---|---|

## DEED OF TRUST NOTE

FHA CASE NO.
482-195075-6

$ 71,250.00

Memphis, Tennessee
August 14, 1987

FOR VALUE RECEIVED, the undersigned promise(s) to pay to
FIRST TENNESSEE BANK NATIONAL ASSOCIATION
or order, the principal sum of SEVENTY ONE THOUSAND TWO HUNDRED FIFTY AND NO/100———
————————————————————————————————Dollars ($ 71,250.00          ),

with interest from date at the rate of Eight and one-half          per centum (  8.5
per annum on the unpaid balance until paid. The said principal and interest shall be payable at the office of
FIRST TENNESSEE BANK NATIONAL ASSOCIATION, P.O. Box 474
   Memphis, Tennessee 38101                                                     , in

, or at such other place as the holder hereof may designate in writing, in monthly installments of FIVE HUNDRED
FORTY SEVEN AND 86/100————————————————————Dollars ($ 547.86
commencing on the first day of October          , 19 87, and on the first day of each month thereafter
until the principal and interest are fully paid, except that the final payment of principal and interest, if not sooner
paid, shall be due and payable on the first day of September, 2017.

   If default be made in the payment of any installment under this note, and if the default is not made good
prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once be-
come due and payable without notice at the option of the holder of this note. Failure to exercise this option shall
not constitute a waiver of the right to exercise the same in the event of any subsequent default. In the event of
default in the payment of this note, and if the note is collected by an attorney at law, the undersigned agree(s) to
pay all costs of collections, including a reasonable attorney's fee.
   "THE INITIAL INDEX VALUE FOR THIS NOTE IS 6.77%"
   The maker(s) and endorsers severally waive presentment, protest and demand, notice of protest, demand and
of dishonor and nonpayment of this note, and expressly agree that this note, or any payment thereunder, may be
extended from time to time without in any way affecting the liability of the maker(s) and endorser(s) hereof.

This note is secured by a Deed of Trust of even date herewith duly recorded in the Register's office, County
of Shelby          State of Tennessee, conveying real estate located in said county.
*SEE ADJUSTABLE RATE ALLONGE AMENDING NOTE ATTACHED HERETO AND MADE A PART HEREOF
FOR ADDITIONAL TERMS, COVENANTS AND CONDITIONS OF THIS NOTE, INCLUDING, WITHOUT
LIMITATION, PROVISIONS FOR ADJUSTING THE
INTEREST RATE AND MONTHLY PAYMENTS.



EDDIE S. JONES

Pamela Jones
PAMELA JONES

*SEE ADJUSTABLE RATE ALLONGE AMENDING NOTE

WITHOUT RECOURSE, PAY TO THE ORDER OF

FT MORTGAGE COMPANIES DBA SUNBELT NATIONAL MORTGAGE

FIRST TENNESSEE BANK NATIONAL ASSOCIATION

BY *Marian Woods*

MARIAN WOODS/VICE PRESIDENT

Pay to the order of

Without Recourse

FT Mortgage Companies
dba Sunbelt National Mortgage

Georgina V. Cardenas
Assistant Vice President

Eddie Jones
1980 Prado Ave
Memphis, TN. 38116

Office of the Clerk
United States Court of Appeals
For the Sixth Circuit Court
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinati, Ohio 45202-3988



UNITED STATES
POSTAL SERVICE

1000

45202