No. 13-6127

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

EDDIE SYLVESTER JONES, JR.

Plaintiff - Appellant

vs.

WILSON & ASSOCIATES, PLLC; NATIONSTAR MORTGAGE; FIRST HORIZON NATIONAL CORPORATION; FIRST TENNESSEE BANK; ANGELA BOYD; BRUCE B. HOPKINS; HAROLD LEWIS; THOMAS SIDES; BRYAN JORDAN

Defendants – Appellees

And

DAVID LENOIR

Defendant

On Appeal from the United States District Court
For the Western District of Tennessee
Case No. 2:12-02510
James D. Todd, United States District Judge
Appeal from Order and Judgment Dismissing Action
Dated August 6, 2013

**BRIEF OF APPELLEES WILSON & ASSOCIATES, PLLC AND ANGELA BOYD**

Jerry Morgan
WILSON & ASSOCIATES, PLLC
8 Cadillac Drive, Suite 120
Brentwood, TN 37027
Telephone: (615) 255-9388

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**EDDIE SYLVESTER JONES, JR.**

**Plaintiff - Appellant**

**vs.** **Case No. 13-6127**

**WILSON & ASSOCIATES, PLLC; NATIONSTAR MORTGAGE; FIRST HORIZON NATIONAL CORPORATION; FIRST TENNESSEE BANK; ANGELA BOYD; BRUCE B. HOPKINS; HAROLD LEWIS; THOMAS SIDES; BRYAN JORDAN**

**Defendants – Appellees**

**and**

**DAVID LENOIR**

**Defendant.**

---

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant Wilson & Associates, PLLC (Wilson), by and through undersigned counsel, states that it is a limited liability corporation and has no parent corporation. Furthermore, Wilson states that no publicly held corporation owns 10% or more of Wilson's stock.

Respectfully submitted,

/s/ Jerry Morgan
Jerry Morgan (BPR 029710)
WILSON & ASSOCIATES, PLLC
Creekside Crossing III
8 Cadillac Drive, Suite 120

Brentwood, TN 37027
(615) 255-9388 – Telephone
(615) 255-5581 – Telefax
jmorgan@wilson-assoc.com
*Attorney for Wilson & Associates and Angela Boyd*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August 2013, a true and correct copy of the foregoing was served through the Court's ECF system and/or served via first class U.S. Mail, postage prepaid, to the following:

Eddie Sylvester Jones
1980 Prado Ave.
Memphis, TN 38116

Nolan M. Johnson
Kristine L. Roberts
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103

/s/ Jerry Morgan
Jerry Morgan

## TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... iv

STATEMENT IN SUPPORT OF ORAL ARGUMENT .......... 1

JURISDICTIONAL STATEMENT .......... 1

STATEMENT OF ISSUES .......... 1

STATEMENT OF THE CASE .......... 1

STATEMENT OF FACTS .......... 4

A. FACTUAL ALLEGATIONS AS TO WILSON AND BOYD .......... 5

STANDARD OF REVIEW .......... 6

SUMMARY OF ARGUMENT .......... 8

ARGUMENT .......... 9

I. DISTRICT COURT PROPERLY DISMISSED WILSON .......... 9

A. DISMISSAL UNDER TENN. CODE ANN. § 35-5-116 .......... 9

B. DISMISSAL UNDER FED. R. CIV. P. 12(b)(6) .......... 11

II. DISTRICT COURT PROPERLY DISMISSED BOYD .......... 14

A. FAILURE TO STATE CLAIM OF THEFT .......... 15

B. FAILURE TO STATE CLAIM UNDER DUE PROCESS .......... 16

III. NONE OF APPELLANT'S STATED ISSUES HAVE MERIT .......... 17

A. DISMISSAL OF FRAUD CLAIM .......... 18

B. FAILURE TO WEIGH AFFIDAVIT OF JEFFERY TOLSON .......... 18

C. FAILURE TO WEIGH EVIDENCE .......... 19

D. ERRONEOUS APPLICATION OF UCC LAW .......... 20

CONCLUSION .......... 23

CERTIFICATE OF COMPLIANCE .......... 24

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS .......... 25

CERTIFICATE OF SERVICE .......... 26

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ..................7, 12, 13

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ....................6, 7, 12

*Bryant v. Tenet, Inc.*,
969 S.W.2d 923, 925 (Tenn. Ct. App. 1997)................................................16

*Citimortgage, Inc. v. Drake*,
2013 Tenn. App. LEXIS 116, * 16 (Tenn. Ct. App. 2013)...........................17

*Eastwood v. United States*,
100 A.F.T.R. 2d (RIA) 6161(E.D. Tenn. 2007).............................................8

*Fieger v. United States AG*,
542 F.3d 1111, 1116 (6th Cir. 2008) ..........................................................9

*Fritz v. Charter Township of Comstock*, 592 F.3d 718 (6th Cir. 2010)......................6

*Harbin-Bey v. Rutter*, 420 F.3d 571 (6th Cir. 2005)................................................6

*Keys v. Humana, Inc.*, 684 F.3d 605 (6th Cir. 2012)................................................7

*King v. Emery*,
836 F.2d 1348, 1988 WL 1101, *1 (6th Cir 1988)........................................17

*Lindsay v. Yates*, 498 F.3d 434 (6th Cir. 2007) ......................................................7

*Pedreira v. Ky. Baptist Homes for Children, Inc.*,
579 F.3d 722 (6th Cir. 2009) ..........................................................................6

*Pfeil v. State St. Bank & Trust Co.*,
671 F.3d 585, 593 (6th Cir. 2012) ..............................................................18

*See State v. Cowart*,
No. 01C01-9508-CC-00251, 1996 Tenn. Crim. App. LEXIS 732, at *16-17 (Tenn. Ct. App. Nov. 22, 1996) ....................15

*White v. Empire Exp., Inc.*,
395 S.W.3d 696, 720 (Tenn. Ct. App. 2012)....................15

*216 Jamaica Ave., LLC v. S&R Playhouse Realty Co.*,
540 F.3d 433, 435 (6th Cir. 2008) ....................22

**Rules of Procedure**

Federal Rule of Civil Procedure 8(a)(2) ....................3, 6, 22

Federal Rule of Civil Procedure 12(b)(6) ....................3, 9, 11, 12, 18, 20

**Federal Statutes**

28 U.S.C. § 1291 ....................1

28 U.S.C. § 1331 ....................1

31 U.S.C. § 5118(d)(2)....................20, 22

**Tennessee Statutes**

T.C.A. § 35-5-116 ....................2, 3, 8, 9, 10, 11

T.C.A. § 39-14-101 ....................15

T.C.A. § 47-3-304(b)(3)....................20, 21

T.C.A. § 47-3-603(b) ....................21

**Uniform Commercial Code**

UCC § 3-304(b)(3)....................5, 20

UCC § 3-603(b) ....................20, 21

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

The District Court properly dismissed the action, in its entirety, finding that Appellant's First Amended Complaint had failed to state a claim against Wilson & Associates, PLLC ("Wilson") or Angela Boyd ("Boyd"). Because Appellant raises a convoluted series of arguments in support of his appeal of the District Court's decision, oral argument will enable this Court to address questions possibly raised by Appellant's attempt to raise numerous claims.

## JURISDICTIONAL STATEMENT

The District Court had original jurisdiction under 28 U.S.C. § 1331.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1. That the District Court correctly dismissed the First Amended Complaint against Wilson for failure to state a claim.

2. That the District Court correctly dismissed the First Amended Complaint against Boyd for failure to state a claim.

## STATEMENT OF THE CASE

Appellant filed his original Complaint on June 27, 2012. (RE# 1, Complaint, PgID# 1-13)

Appellant filed his First Amended Complaint on July 3, 2012. (RE# 3, First Amended Complaint ("FAC"), PgID# 24-38). The causes of action within the

FAC included: theft, violation of due process, violation of the Truth in Lending Act ("TILA"), violation of the Fair Credit Billing Act ("FCBA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Fair Housing Act ("FHA"), violation of the Tennessee Consumer Protection Act ("TCPA"), breach of contract and fraud.

On July 25, 2012, Wilson and Boyd filed a joint Verified Denial and Answer to Appellant's First Amended Complaint. (RE# 10, Verified Denial, PgID# 81-88). Plaintiff did not file a verified response to the Verified Denial.

Appellant filed a Second Amended Complaint on August 20, 2012. (RE# 17, Second Amended Complaint ("SAC"), Pg. ID# 162-168). On February 5, 2013, the District Court entered an Order to Modify the Docket, Order Granting Motion to Dismiss Filed by Certain Defendants and Order Denying Leave to Amend. (RE# 20, PgID# 195-219). In that Order, the District Court construed the SAC as a motion for leave to amend. (RE#20, PgID# 217). The District Court denied leave to amend, finding that the claims made in the SAC could not survive a Rule 12(b)(6) motion to dismiss. (RE#20, PgID# 219). Consequently, the operative complaint at the time of final dismissal was the First Amended Complaint.

On February 18, 2013, Appellees Wilson and Boyd filed a joint Motion to Dismiss and Memorandum in Support thereof pursuant to Tenn. Code Ann. § 35-5-

116, and Federal Rules of Civil Procedure 8 and 12(b)(6). (RE# 21, Motion to Dismiss, PgID# 220-221; RE# 22, Memorandum in Support of Motion to Dismiss, PgID# 222-232). Appellant filed a Motion Opposing Counsel to Dismiss Angela Boyd on March 21, 2013. (RE# 29, Response to Motion to Dismiss, PgID# 289-291).

On June 20, 2013, the Magistrate Judge issued a Report and Recommendation, recommending that Wilson and Boyd's Motion to Dismiss be granted. (RE# 37, Report and Recommendation, PgID# 324-340). The Magistrate noted that the First Amended Complaint appeared to allege that Boyd had committed theft and violated Appellant's due process via a non-judicial foreclosure. *Id*. at PgID# 328. The Magistrate found that Count II contained no claims against Wilson or Boyd, and that Count III was indecipherable and made no reference at all to Wilson or Boyd. *Id*.

On August 6, 2013, the District Court adopted the Report and Recommendation in full, granting the Motion to Dismiss filed by Wilson and Boyd. (RE# 44, Order of Dismissal, PgID# 490-494). The District Court specifically stated that it agreed with the Report and Recommendation, and that "a more detailed written opinion is unnecessary." *Id*. at PgID 492-493. Judgment was entered on August 7, 2013. (RE# 45, Entry of Judgment, PgID# 495). In the

Judgment, the Court found that "any appeal in this matter by Plaintiff would not be taken in good faith." *Id*.

Appellant filed his Notice of Appeal with the District Court on August 16, 2013. (RE# 46, Notice of Appeal, PgID# 496).

**STATEMENT OF FACTS**

Appellant alleges that on April 30, 2012, he made a payment to Nationstar Mortgage, which was servicing his home loan for First Tennessee Bank ("First Tennesee") and First Horizon National Corp. ("First Horizon"). (RE#3, PgID# 28, ¶ 14). On May 9, 2012, Appellant alleges he received a letter from Boyd, as "agent" for Nationstar", advising that the loan was in default and the property located at 1980 Prado Ave., Memphis, TN 38116 ("Property") was scheduled to be sold by the Shelby County Trustee on June 29, 2012. *Id*. at ¶ 15. Appellant alleges that on May 21, 2012, he sent Boyd a certified letter and "EFT Instrument… that satisfied the Debt which it claimed." (RE#3, PgID# 29, ¶ 16).

Boyd, an attorney for Wilson, sent the "EFT Instrument" back to Appellant, stating that the payment must be made in certified funds. *Id*. Appellant further alleges that Boyd received "several constructive lawful notifications, Affidavit of Interest in Property, Affidavit of Status, and Affidavit of EFT." *Id*. Appellant alleges that the "defendants have failed to respond and their silence is their acquiescence." *Id*.

After the "EFT Instrument" was returned to Appellant, he submitted it to First Tennessee. (RE#3, PgID# 30, ¶ 17). Appellant alleged that "[t]he Debt was satisfied and subsequently accepted by [First Horizon] in which it has failed to respond as required under UCC applicable laws for acceptance of EFT Instruments." *Id*. Appellant alleged that on June 18, 2012, he sent a new "EFT Instrument with a Notary of Presentment" to Nationstar because First Horizon and First Tennessee had failed to respond to the original "EFT Instrument" and failed to return it to him. *Id*. at ¶ 18. Appellant alleged that Nationstar "has accepted this payment and has failed to return the EFT untouched Instrument within the required time frame in accordance with UCC applicable Law 3-304." *Id*.

### A. Factual Allegations As To Wilson and Boyd

Wilson is a law firm with its principal offices in the State of Arkansas, also doing business in the State of Tennessee. (RE# 3, PgID# 26, ¶4). Boyd is an attorney employed by Wilson, and Wilson "at all times was responsible for her actions and the Company agents actions relevant to this cause." (RE#3, PgID# 27, ¶ 8).

On May 9, 2012, Wilson and Boyd notified Appellant that the Property was scheduled to be sold as a result of Appellant's default on his loan. (RE#3, PgID# 28, ¶ 15). Appellant claimed that on May 21, 2012, he sent a "lawful notification letter" to Boyd and Wilson, along with an "EFT Instrument" that "satisfied the

Debt which it claimed." (RE#3, PgID# 29, ¶ 16). Boyd and Wilson "failed to respond to a lawful notification to provide due process and proof of claim". *Id*. "Consequently, the Defendants have failed to respond and their silence is their acquiescence." *Id*. Appellant alleged that on June 21, 2012, he sent a certified letter to Boyd along with a copy of an "EFT Instrument". (RE#3, PgID# 30, ¶ 19).

Appellant alleged that Boyd committed theft and denied him due process. (RE#3, PgID# 32, ¶ 20).

## STANDARD OF REVIEW

The District Court's granting the motion to dismiss is reviewed de novo. *Pedreira v. Ky. Baptist Homes for Children, Inc*., 579 F.3d 722, 727 (6th Cir. 2009). The complaint is construed in the light most favorable to the plaintiff and all allegations are accepted as true. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."

*Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

To survive a motion to dismiss, Plaintiff must allege the statutory and factual basis for its claims. *Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007). Although the complaint does not have to present detailed factual allegations, there must be sufficient factual content to allow the Court, armed with "judicial experience and common sense" to "draw the reasonable inference" that the defendant intentionally interfered with or impaired the plaintiff's contractual right on the basis of race. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, 679).

Appellant's First Amended Complaint does not survive this scrutiny. The Magistrate Judge, in the Report and Recommendation, as adopted by the District Court, properly found that Appellant failed to state a claim against Wilson, as Appellant failed to indicate that Wilson had done anything unlawful. (RE# 37,

PgID# 334). Additionally, the Magistrate Judge, in the Report and Recommendation, as adopted by the District Court, properly found that Appellant had failed to state a claim against Boyd for theft (RE#37, PgID# 335), or violation of due process (RE#37, PgID# 336-37).

The purpose of a motion to dismiss is to test whether the plaintiff is entitled to relief. *Eastwood v. United States*, 100 A.F.T.R. 2d (RIA) 6161, at *4 (E.D. Tenn. 2007). Appellant failed to offer facts in the First Amended Complaint demonstrating that they stated a claim upon which relief can be granted.

**SUMMARY OF ARGUMENT**

Appellant alleged that he sent a "lawful notification letter" along with an "EFT Instrument" to Wilson and Boyd, and that the "EFT Instrument" discharged his debt. (RE# 3, First Amended Complaint, PgID# 29, ¶16). Appellant alleged that Wilson and Boyd sent the "EFT Instrument" back to him and stated that only certified funds would be accepted. *Id*. Based on those allegations, Appellant alleged that Wilson and Boyd had committed theft and violated his due process rights. The District Court properly determined that the Appellant had failed to state any claim against either Wilson or Boyd.

The claims against Wilson and Boyd do not state a claim upon which relief can be granted. Wilson was entitled to dismissal pursuant to Tenn. Code Ann. §

35-5-116. In addition, Wilson was entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

Boyd was entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), as Appellant did not state a claim for theft or for violation of his due process rights.

## ARGUMENT

### I. THE DISTRICT COURT PROPERLY DISMISSED THE FIRST AMENDED COMPLAINT AGAINST WILSON FOR FAILURE TO STATE A CLAIM.

#### A. WILSON WAS ENTITLED TO DISMISSAL PURSUANT TO TENN. CODE ANN. § 35-5-116.

As a preliminary matter, Wilson was entitled to dismissal pursuant to Tenn. Code Ann. § 35-5-116, as no verified response was filed in opposition to the verified denial. Wilson made this argument in its Memorandum in Support of Motion to Dismiss. (RE#22, PgID# 223-225). While the District Court and the Magistrate Judge did not address this argument in dismissing the case, "this Court is not limited to the grounds stated in the district court's opinion; instead, the Court may affirm the district court's dismissal for any reason, even one not mentioned by the District Court." *Fieger v. United States AG*, 542 F.3d 1111, 1116 (6th Cir. 2008).

Tenn. Code Ann. § 35-5-116 (a) states:

> Any trustee named in a suit or proceeding, as related to a sale of real property under a trust deed or mortgage, may plead in the answer that the trustee is not a necessary party by a verified denial, stating the

> basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.

In the event a verified denial is filed pursuant to § 35-5-116 (a), § 35-5-116 (b) sets forth the rule regarding a response to the denial:

> Within thirty (30) days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial.

Thus, the statute requires that if a verified denial is filed, a verified response is due within thirty (30) days. If no verified response is timely filed, § 35-5-116 (c) dictates dismissal of the trustee: "If a party has no objection or fails to file a timely verified response to the trustee's verified denial, *the trustee shall be dismissed from the suit or proceeding without prejudice*" (emphasis added).

In the matter before the Court, Wilson filed its verified denial and answer on July 25, 2012. (RE# 10, PgID# 81-88). Appellant did not file a verified response at any point in the District Court. In accordance with § 35-5-116 (c), the trustee was entitled to dismissal.

Even if Appellant somehow survived this procedural defect, Wilson still has no liability to Plaintiff, even if all of the allegations contained within the First Amended Complaint were true. § 35-5-116 (f) states: "A trustee shall not be liable for any good faith error resulting from reliance on any information in law or

fact provided by the borrower or secured party or their respective attorney, agent, or representative or other third party."

A trustee's duty under a deed of trust is prescribed by the deed of trust and the Tennessee state statutes concerning trust sales. The First Amended Complaint provided no factual allegations showing that Wilson violated any of the terms of the deed of trust or the applicable statutes. In fact, the First Amended Complaint did not identify any actions taken by Wilson outside of the role of trustee.

In conducting a trust sale, the trustee necessarily has to depend on the information provided by the secured party and is exempt from liability unless the trustee has cause to know the information was false. The trustee is entitled by statute to rely in good faith on such information provided by the secured party. The First Amended Complaint made no allegation that Wilson intentionally relied upon false information or that its reliance on any information provided to it was in bad faith.

Because the First Amended Complaint failed to set forth any specific facts demonstrating that Wilson failed to rely on information provided to it in good faith, or took any actions outside of its role as trustee, Wilson had no liability to the Plaintiff at all for discharging its duties as trustee. Consequently, Wilson was entitled to dismissal, and the District Court rightfully dismissed Wilson.

**B. WILSON WAS ENTITLED TO DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM.**

If a plaintiff fails "to state a claim upon which relief can be granted", the complaint must be dismissed pursuant to Rule 12(b)(6). FED. R. CIV. P. 12(b)(6). To survive such dismissal, the complaint must include enough factual allegations to "raise a right to relief above a speculative level". *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It must "state a claim to relief that is plausible on its face." *Id*. "Whether a complaint states a plausible claim is context-specific and requires a court to draw upon its experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint must contain facts sufficient to state a claim as a matter of law, and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. A complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id*.

While all factual allegations are to be accepted as true when ruling on a motion to dismiss, this rule "is inapplicable to threadbare recitals of a cause of action's elements, supported by merely conclusory statements." *Ashcroft*, 129 S. Ct. at 1940. Accordingly, a court may only assume the truth of well-pleaded

factual allegations in determining whether those allegations provide an entitlement to relief. *Id*. at 1940-41.

The only factual allegations made regarding Wilson and Boyd in the First Amended Complaint are that Wilson is a law firm with its principal offices in the State of Arkansas, also doing business in the State of Tennessee (RE# 3, PgID# 26, ¶4); that Boyd is an attorney employed by Wilson, and Wilson "at all times was responsible for her actions and the Company agents actions relevant to this cause" (RE#3, PgID# 27, ¶ 8); that on May 9, 2012, Wilson and Boyd notified Appellant that the Property was scheduled to be sold as a result of Appellant's default on his loan (RE#3, PgID# 28, ¶ 15); that on May 21, 2012, Appellant sent a "lawful notification letter" to Boyd and Wilson, along with an "EFT Instrument" that "satisfied the Debt which it claimed" (RE#3, PgID# 29, ¶ 16); that Boyd and Wilson "failed to respond to a lawful notification to provide due process and proof of claim" *Id*.; that "[c]onsequently, the Defendants have failed to respond and their silence is their acquiescence" *Id*.; and that on June 21, 2012, Appellant sent a certified letter to Boyd along with a copy of an "EFT Instrument". (RE#3, PgID# 30, ¶ 19).

In the Report and Recommendation, the Magistrate Judge stated that Count II of the First Amended Complaint contained no claims against Wilson or Boyd, and that Count III was indecipherable. (RE#37, PgID# 328). Thus, according to

the Magistrate Judge, the only count remaining was Count I. Specifically, the Magistrate Judge found that Count I "appears to allege that Boyd committed theft and violated [Appellant's] right to due process because the foreclosure was non-judicial." *Id*. Accordingly, the Magistrate Judge found that none of the counts contained any actual claims against Wilson. *Id*.

While the Appellant referred to numerous federal and state statutes throughout the First Amended Complaint, he did not allege any specific facts showing that Wilson violated any of the statutes or committed any wrongdoing at all. His primary argument in the First Amended Complaint appeared to be that Wilson had some duty to accept the "EFT Instrument" as payment for the full amount due under the loan. However, Appellant completely failed to indicate why the "EFT Instrument" was sufficient to satisfy the debt, or why Wilson had any such duty to accept the same.

Wilson was properly dismissed.

## II. THE DISTRICT COURT PROPERLY DISMISSED THE FIRST AMENDED COMPLAINT AGAINST BOYD FOR FAILURE TO STATE A CLAIM.

For the same reasons the District Court properly dismissed the First Amended Complaint against Wilson, the District Court was correct in dismissing the First Amended Complaint against Boyd. Appellant simply stated no claim against Boyd.

As indicated by the Magistrate Judge in the Report and Recommendation, Count II of the First Amended Complaint contained no claim against Wilson or Boyd, and Count III made no reference at all to either Wilson or Boyd and was otherwise indecipherable. (RE#37, PgID# 328). Count I appeared to allege that Boyd committed theft and violated Appellant's right to due process because the foreclosure was non-judicial. *Id*. As Appellant failed to adequately state either a claim for theft or violation of his due process rights, the District Court properly dismissed the First Amended Complaint against Boyd.

### A. BOYD WAS ENTITLED TO DISMISSAL AS APPELLANT FAILED TO STATE A CLAIM FOR THEFT.

In Tennessee, theft is a criminal offense, as opposed to a civil claim. Tenn. Code Ann. § 39-14-101. A conversion claim, however, has been considered as "comparable" to a criminal charge of theft. *See State v. Cowart,* No. 01C01-9508-CC-00251, 1996 Tenn. Crim. App. LEXIS 732, at *16-17 (Tenn. Ct. App. Nov. 22, 1996). A conversion claim is focused on "interference with a property owner's right." *White v. Empire Exp., Inc.*, 395 S.W.3d 696, 720 (Tenn. Ct. App. 2012). The elements of a conversion claim are: "(1) an appropriation of another's tangible property to one's use and benefit; (2) an intentional exercise of dominion over the chattel alleged to have been converted; and (3) defiance of the true owner's rights to the chattel." *Id*.

Appellant claimed that Boyd "commit[ted] theft against the Plaintiff through its administrative process never going forth before a court of law to bring forth this matter thereby denying the Plaintiff Due Process of Law." (RE#3, PgID# 32). Appellant alleged that he sent Boyd a "lawful notification letter" along with an "EFT Instrument… that satisfied the Debt which it claimed." (RE#3, PgID# 29). However, Appellant also specifically acknowledged that "[t]he EFT Instrument was sent back" to him. *Id*. Thus, the only "tangible property" belonging to the Appellant, the "EFT Instrument", was sent by Appellant himself to Boyd, and returned to him by Boyd.

As Appellant failed to set forth the elements of conversion, the District Court properly dismissed the claim of theft against Boyd.

**B. BOYD WAS ENTITLED TO DISMISSAL AS APPELLANT FAILED TO STATE A CLAIM FOR VIOLATION OF DUE PROCESS.**

A claim for violation of due process rights necessarily must contain allegations of state action. *Bryant v. Tenet, Inc.*, 969 S.W.2d 923, 925 (Tenn. Ct. App. 1997). Appellant admitted that Wilson is a law firm engaged in "private practice". (RE#3, PgID# 26, ¶ 4). Appellant admitted that Boyd is an attorney employed by Wilson. (RE#3, PgID# 27, ¶ 8). Thus, there is no "state action" alleged.

Numerous cases have been brought alleging that non-judicial foreclosures equate to "state action". However, the strong consensus of federal and state courts, including the Sixth Circuit, is that "non-judicial foreclosures do not involve state action." *Citimortgage, Inc. v. Drake*, 2013 Tenn. App. LEXIS 116, * 16 (Tenn. Ct. App. 2013).

"The actions of a private party will not be attributed to the state unless the state actually compels the action." *King v. Emery*, 836 F.2d 1348, 1988 WL 1101, *1 (6th Cir 1988). Tennessee's statutory recognition of non-judicial foreclosures "falls short of the compulsion required to establish state action." *Id*. "Tennessee does not compel the use of private nonjudicial foreclosure sales in financing agreements, but rather allows the creditor to choose between judicial sale or private nonjudicial sale…" *Id*.

Appellant failed to identify any "state action" at all. The District Court properly dismissed Appellant's claim for violations of due process.

## III. NONE OF THE ISSUES AS STATED BY APPELLANT MERIT REVERSAL.

Appellant has set forth four issues to be considered on appeal. None of the issues have been adequately presented by Appellant, and none of them merit reversal of the District Court's dismissal of this matter. Wilson and Boyd will respond briefly to each of the issues presented by Appellant.

### A. DID THE COURT ERR IS DISMISSING THE FRAUD CLAIM AGAINST FIRST TENNESSEE NATIONAL BANK?

As this issue does not impact the District Court's rulings regarding Wilson or Boyd, Appellee makes no response.

### B. DID THE COURT ERR IN DISREGARDING THE AFFIDAVIT OF JEFFREY TOLSON?

In Appellant's second issue, Appellant argues that he submitted an affidavit of Jeffrey Tolson regarding an "audit" of the loan performed by Mr. Tolson. While Appellant's argument regarding this issue is difficult to ascertain, and although he failed to provide any citation to any ruling of the District Court regarding the affidavit, his argument is nonetheless without merit.

"Courts are required to accept the well-pleaded factual allegations of a complaint as true and determine whether those allegations state a plausible claim for relief." *Pfeil v. State St. Bank & Trust Co.*, 671 F.3d 585, 593 (6th Cir. 2012). "It follows that courts should not make factual determinations of their own or weigh evidence when considering a motion to dismiss." *Id*. "Precisely because the presumption of reasonableness is an evidentiary standard and concerns questions of fact, applying the presumption at the pleadings stage, and determining whether it was sufficiently rebutted, would be inconsistent with the Rule 12(b)(6) standard." *Id*.

There is no dispute that this matter was dismissed by the District Court at the pleadings stage. The District Court did not improperly weigh the evidence, including the Affidavit of Jeffery Tolson, in reaching its conclusions and dismissing this matter. Appellant has not provided citations to any findings by the District Court which addressed the Affidavit of Jeffery Tolson. Accordingly, the District Court did not err regarding the same.

**C. DID THE COURT ERR IN DISREGARDING "ALL EVIDENCE PRESENTED TO THE COURT"?**

Appellant's discussion of his third issue is virtually indecipherable. Appellant quotes from numerous resources without properly citing them, leaving Appellees and the Court without the ability to verify the information therein. Appellant seems to imply that he is entitled to some sort of unspecified "presumption" as a result of the Affidavit of Jeffery Tolson. Based on that incorrect statement of law, Appellant argues that his presumption must be overcome by Appellees, who are then required to present evidence to rebut such presumption.

Appellant argues that he filed a quitclaim deed to the relevant property, which was sufficient to transfer legal ownership of the property, and that his unilateral filing of a "Notice of Right to Cancel", "Revocation of Power of Attorney", "Revocation of Signature Affidavit", "Qualified Written Request", "Demand Affidavit", "UCC 3 Financing Statement", "Warranty Deed",

"Certificate of Acknowledgement" and "Acceptance With Certificate of Notary" all worked together to "shift the burden of proof" to Appellees.

Of course, none of this is supported by any relevant case law. In fact, Appellant failed to provide copies of any of the documents referenced in this section of his appeal, either in the District Court or here.

Nonetheless, his argument appears to be very similar to his argument in the second issue discussed above, that the District Court failed to properly consider his evidence. As the District Court is not to weigh evidence when considering a motion to dismiss pursuant to Rule 12(b)(6), this issue is also without merit.

**D. DID THE COURT ERRONEOUSLY APPLY UCC LAW TO "LAWFULLY DISCHARGE THE MORTGAGE DEBT?**

In Appellant's final issue, Appellant appears to argue that the District Court erroneously applied UCC law. While the argument is confusing, at best, Appellant seems to claim that the "EFT Instrument" he sent to Wilson and to the other appellees was sufficient to satisfy the debt he owed, and thus it discharged his debt.

Appellant claims that Wilson violated UCC 3-304(b)(3) and 3-603(b), along with 31 U.S.C. 5118(d)(2) when it returned the "EFT Instrument" and demanded certified funds. Tennessee has adopted the Uniform Commercial Code ("UCC") in large part. UCC 3-304(b)(3) finds its equivalent in Tenn. Code Ann. 47-3-304(b)(3). That section states, in full: "If a due date with respect to principal has been accelerated, the instrument becomes overdue on the day after the accelerated

due date." As Wilson was not a debtor, and did not have a negotiable instrument which was accelerated, it is difficult to ascertain how Wilson could possibly have violated this provision of Tennessee law.

Regarding UCC 3-603(b), that provision is found in Tenn. Code Ann. 47-3-603(b), which states: "If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates." As Wilson was not, and Appellant did not claim Wilson to be, "a person entitled to enforce the instrument", this provision does not apply to Wilson's actions.

Nonetheless, even if this provision were applicable, Appellant cannot prevail. Appellant repeatedly stated throughout his pleadings that he sent an "EFT Instrument" through the mail to Wilson and other appellees. An "EFT Instrument" would refer to an electronic funds transfer, not a document through the mail. Moreover, Appellant specifically admitted that Wilson returned the "EFT Instrument" to him.

Regarding Appellant's UCC claims, the District Court held that Appellant provided nothing more than "conclusory allegations", and thus dismissed his

claims pursuant to Fed. R. Civ. P. 8(a)(2). (RE#20, PgID# 217). Appellant does not provide any legal or factual reason why such dismissal was in error.

Finally, Appellant refers to 31 U.S.C. 5118(d)(2) in his final issue. 31 U.S.C. § 5118 is entitled "Gold clauses and consent to sue". According to 31 U.S.C. 5118(d)(2): "An obligation issued containing a gold clause or governed by a gold clause is discharged on payment (dollar for dollar) in United States coin or currency that is legal tender at the time of payment. This paragraph does not apply to an obligation issued after October 27, 1977."

Originally, 31 U.S.C. § 5118 was a result of Congress in 1933 declaring gold clauses to be against public policy, barring their inclusion in any future contracts, and suspending the operation of existing gold clauses by allowing all contract obligations to be paid in paper currency instead. *216 Jamaica Ave., LLC v. S&R Playhouse Realty Co.*, 540 F.3d 433, 435 (6th Cir. 2008). In 1975, four decades later, Congress repealed the ban on private ownership of gold. *Id*. In 1977, Congress amended the resolution, adding that the resolution "shall not apply to obligations issued on or after" the amendment's date of enactment. *Id*. Thus, Congress allowed gold clauses to be included in contracts after the amendment of 31 U.S.C. § 5118(d)(2).

In spite of the statute's history, Appellant has provided no reason at all why this has any bearing on the matter at hand. He simply refers to it and claims that Wilson somehow violated it.

The District Court did not err in dismissing claims under the UCC.

## CONCLUSION

As to Wilson and Boyd, the only allegations made by Appellant were that Appellant sent a "lawful notification letter" and "EFT Instrument" to Wilson and Boyd, which allegedly discharged his debt. The District Court rightfully dismissed all claims against Wilson and Boyd for failure to state a claim. The District Court properly dismissed the entire action.

Respectfully submitted,

/s/ Jerry Morgan
Jerry Morgan (BPR 29710)
WILSON & ASSOCIATES, PLLC
8 Cadillac Drive, Suite 120
Brentwood, TN 37027
(615) 255-9388 – Telephone
(615) 255-5581 – Telefax
jmorgan@wilson-assoc.com
*Attorney for Wilson & Associates, PLLC*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-face and volume limitations set forth in Federal Rule of Appellate Procedure 32(a)(7)(B) as follows: this brief contains 5,038 words, excluding parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). The typeface used in the brief is 14-point font in a Times New Roman type face, in compliance with Fed. R. App. P. 32(a)(5).

/s/ Jerry Morgan
Jerry Morgan (BPR 29710)
WILSON & ASSOCIATES, PLLC
8 Cadillac Drive, Suite 120
Brentwood, TN 37027
(615) 255-9388 – Telephone
(615) 255-5581 – Telefax
jmorgan@wilson-assoc.com
*Attorney for Wilson & Associates, PLLC*

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

RE# 1 – Original Complaint, PgID# 1-13

RE# 3 – First Amended Complaint, PgID# 24-38

RE# 10 – Verified Denial and Answer, PgID# 81-88

RE# 17 – Second Amended Complaint, PgID# 162-168

RE# 20 – Order to Modify the Docket, Order Granting Motion to Dismiss Filed by Certain Defendants and Order Denying Leave to Amend, PgID# 195-219

RE# 21 – Motion to Dismiss, PgID# 220-221

RE# 22 – Memorandum in Support of Motion to Dismiss, PgID# 222-232

RE# 29 – Motion Opposing Counsel to Dismiss Angela Boyd, PgID# 289-291

RE# 37 – Report and Recommendation, PgID# 324-340

RE# 44 – Order of Dismissal, PgID# 490-494

RE# 45 – Entry of Judgment, PgID# 495

RE# 46 – Notice of Appeal, PgID# 496

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Appellee Brief of Wilson & Associates, PLLC and Angela Boyd using the Court's CM/ECF System. Notice of this filing will be sent by operation of the Court's CM/ECF System to all counsel of record indicated on the electronic filing receipt. All other counsel of record or parties will be served via U.S. mail. Parties may access this filing through the Court's CM/ECF System.

This 9th day of December, 2013.

*/s/ Jerry Morgan*
Jerry Morgan