RECEIVED

DEC 26 2013

DEBORAH S. HUNT, Clerk

**United States Court of Appeals**
**For the Sixth Circuit**

| | | |
|---|---|---|
| **EDDIE SYLVESTER JONES JR** | ) | |
| | ) | |
| **PLAINTIFF-APPELLANT** | ) | |
| | ) | |
| **vs** | ) | **Case No: 13-6127** |
| | ) | |
| | ) | |
| **WILSONAND ASSOCIATES PLLC et,al** | ) | |
| **FIRST TENNESSEE NATIONAL BANK** | ) | |
| **FIRST HORIZON NATIONAL CORPORATION** | ) | |
| **NATIONSTAR MORTGAGE LLC** | ) | |
| | ) | |
| **DEFENDANTS-APPELLEES** | ) | |

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS**

---

**APPELLANT CLOSING BRIEF**
**Originating Case No: 2:12-cv-02510**

---

**Eddie Sylvester Jones Jr.**
**1980 Prado Ave**
**Memphis, Tennessee 38116**
**(901) 265-5453**
**Pro Se Litigant**

TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………...…2-7

STATEMENT OF JURISDICTION……………………………………….8

STATEMENT OF ISSUES FOR REVIEW……………………………...8

STATEMENT OF CASE………………………………………….................9

STATEMENT OF ARGUMENT……………………………………….10

ARGUMENT…………………………………………………………11-21

I.     Did the District Court err as a matter of law or abuse of his discretionary powers in dismissing Fraud against FTNB?........................................11

II.     Did the District Court Judge error as a matter of law disregarding Appellant's submitted evidence under FRCP 59 (e)  and FRCP 901, Affidavit of Jeffrey Tolson, Evidence………………………………………….………13

III.     Whether the District Court for the Western District of Tennessee correctly determine that all evidence presented to the Court and submitted to Appellees by the Appellant was irrelevant and did not raise a question of presumption of the facts that required a rebuttal?.......................................................16

IV.    Whether the District court erroneous apply the law UCC 3-603 and UCC 3-304 lawfully discharged the mortgage debt on his property Known as 1980 Prado Ave, Memphis, Tennessee 38116 pursuant to Public Policy House Joint Resolution 192, 48 Stat. 112, Public Law 73-10, 31 USC 5118(d)(2) through the use of and Electronic Fund Transfer negotiable instrument?.............................................................................................18

CONCLUSION…………………………………………………...21-23

Certificate of Compliance……………………………………….…24

Certificate of Service…………………………………………....28

# TABLE AUTHORITIES

## Cases

1. Bankers Trust v Nagler, 229 NYS 2d 142,143...........................,...22,23

2. Barnsdall v Birnam Wood  Co 92 F 26 817………………………………12,20

3. Beck v Kansas ity Public Service Co App 48 S.W. 2d

    213,215……………………………………..…………………………..16

4.Cockrell v. First tenn Bank No. 98-2497D/V, 1998 WL 652516, at *1(W.D.Tenn.

July 16, 1998…………………………………………………..15

5 Fortney v U.S. C.A. 9(Nev) 1995, 59 F. 3d 117…………………………..14

6 Forman v. Davis 371 US 178 182 (1962)…………………………………10

7  Haines v Kerner 404 US 519-20 (1972)………………………………13,14,21

8  Hall v Bellmon 935 F 2d 1106,1110(10th circuit 1991)……………………..15,

9. In Re: Hwang 365 66 (Bankr Wd Wash 2009. Hwang 39 Br 757,766(bankr C.D

Cal…………………………………………………………………22,23

10.In re Korean Air Lines Co. Ltd. 642 F.3d 685,698 n.11(9th Cir. (2011)….11

11.Memphis,Tn Area Local AM Postal Workers Union AFL-CIO v. City of

    Memphis Tn 20-5694 2004 WL 103000 qt 6th Cir. Jan 21,2004……………13

12.Rabkin v Oregon Health Sciences Univ.,350 F.3d 967,977(9th Cir. 2003)..…11

13.Unites States v. KIS, 658 F. 2d (7th Cir 1981)………………………………..22

14. Van Wart v Cook 557 P.2d 1161………………………………………………..14

**Federal Rules**

FRAP 32(a)(7)(i)………………………………………………………………...25

FRCP 12(B)(6)……………………………………………………………………10

FRCP 15(A)…………………………………………………………………10,11

FRCP 59 (e)…………………………………………………………10,13,15,16,20

FRCP 17 (a)…………………………………………………………………….25

FRCP 901………………………………………………………………10,13,20

FRCP 52………………………………………………………………………14

**Federal Acts**

RESPA Act……………………………………………………………………...6,8

TILA Act……………………………………………………………………..10

**United Statutes Codes**

Title 12 USC……………………………………………………...12, ,14,19

Title 12 sect 4 par 7……………………………………………………………12

Title 18 USC sect. 8………………………………………………………….11

Title 12CFR 229.2,210.2 ……………………………………………………11,19

Title 12 USC 1813(L)(1)……………………………………………………...11,19

Title 31 USC 392……………………………………………………………..11,19

Title 31 USC 3123…………………………………………………………….11,19

Title 31 USC 5103……………………………………………………………11,19

Title 31 USC 5118(d)(2)………………………………………………9,11,18,20,21

**Uniform Commercial Code**

UCC 3-106(d)…………………………………………………………..9,11

UCC 3-302…………………………………………………………..9,11

UCC3-304…………………………………………………,9,19,20,21

UCC 3-305…………………………………………………………...11,17

UCC 3-306…………………………………………………………11,17,

UCC 3-603………………………………………………………..,9,19,20,21


**Public Policy**

HJR-192 48 Stat, 112, Public Law 73-10…………………………….,9,11,18,20/21,23

**Publications**

**Federal Reserve Bank Chicago Modern Money Mechanics…………………12,17**

# I. JURISDICTIONAL STATEMENT

This appeal is from a final order and judgment of the U S Western District Court of Tennessee case 2:12-cv-02510 JDT-cgc in its entirety This Court has jurisdiction pursuant to 28 U.S.C. 1291

# II. STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

This Appellant, Eddie Sylvester Jones Jr. seeks reversal of an order for dismissing all Appellees in a Mortgage Fraud case. Dismissal was granted on August 06, 2013 for failure to State a Claim. Appellants' response to Appellees brief and all relevant issues in this case entirety. have failed to produce a claim that gives them the right to foreclose on the Appellant property. While at all times has not rebutted any affidavits, Qualified Written Request to establish proof of claim pursuant to Truth and Lending Act and other documents presented in the District Court.

    **I.**      Whether the District Court for the Western District of Tennessee correctly determine that First Tennessee National Bank did not fraudulently induce the Appellant, Eddie Sylvester Jones Jr. through false misrepresentation, lack of full disclosure of the entire Mortgage loan process and misled Appellant into an unconscionable contract?

    **II.**      Did the District Court Judge error as a matter of law or abuse of discretion disregarding Appellant's submitted evidence under FRCP 59 (e) and FRCP 901, Affidavit of Jeffrey Tolson, Evidence.

**III.**    Whether the District Court for the Western District of Tennessee correctly determine that all evidence presented to the Court and submitted to Appellees by the Appellant was irrelevant and did not raise a question of presumption of the facts that required a rebuttal?

**IV.**    Whether the District court erroneous apply the law UCC 3-603 and UCC 3-304 lawfully discharged the mortgage debt on his property Known as 1980 Prado Ave, Memphis, Tennessee 38116 pursuant to Public Policy House Joint Resolution 192 48 Stat. 112, Public Law 73-10, 31 USC 5118(d)(2) through the use of and Electronic Fund Transfer negotiable instrument?

## III. STATEMENT OF CASE

Response to Appellee briefs challenging the Statement of issues for review by this Court from Appellants' opening brief with additional questions brought forth in Appellees arguments. Memorandum of Law- the Legal and Lawful Authority for the Commercial Process, Failure to State a Claim, several motions denying leave to amend original amended complaint and failure to weigh evidence submitted by Appellant properly in accordance with FRCP. Appellant filed sue against Appellees when Appellant lawfully discharged the debt on primary dwelling known as 1980 Prado Ave located in Memphis, Tn 38116 with Bill of Exchange/Trade Acceptance EFT negotiable instrument. First Horizon Home Loans accepted the Bill of Exchange/Trade Acceptance EFT negotiable instrument pursuant to HJR-192, Public Policy 48 stat 112 Public Law 73-10 (RE-3 pg 6-8). FTNB, FHNC, NM all assign and beneficiary have been terminated

by Appellant as the trustor grantor and creator of his property based on a lawful notification Notice of right to cancel, right to cancel, notice of revocation of power of attorney, notice of removal notice of revocation of power of attorney & revocation of signature affidavit, acknowledgement and acceptance of deed, certificate of acknowledgement, and a quit claim deed conveying the Appellant property to the Jones Family Revocable Living Trust sent to all Appellees and their Attorneys. These documents have been filed with the Shelby County Register of Deeds under file #13027296. Documents were also filed in the District Court **(RE 38 #5 Exhibit D).** The Appellees have never made any objections nor rebutted to the documents or their filings with the Shelby County Register of Deeds.

## SUMMARY OF ARGUMENT

On July 05, 2012 appellant amended the original complaint by adding Bryan Jordan President for FHNC to the complaint who was accidently omitted in the original filing on June 27, 2012. The first amended complaint was amended to add defendant Bryan Jordan and not to amend the pleading. However, pursuant to FRCP 15(a) declares that leave to amend shall be freely given when justice so require; this mandate is to be heeded. In the absent of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc- leave should as the rules require, to be freely given see Forman v. Davis 371 U.S. 178, 182 (1962). Rebuttable for Failure to State a claim under FRCP 12(b)(6) by Appellees. The Appellate Court Standard of

Review related to De Novo, error as a matter of law, abuse of discretionary power and clearly erroneous. An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." *Rabkin v. Oregon Health Sciences Univ.*, 350 F.3d 967, 977 (9th Cir. 2003) (citation and internal quotation marks omitted); *see also In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 698 n.11 (9th Cir. 2011). Memorandum of Law- the Legal and Lawful Authority for the Commercial Process pursuant to HJR-192 act of Congress Public Policy 48 stat-112, Public Law 73-10, Title 18 USC sect. 8, Title 31 USC 5103, 31 USC 392, 31 USC 3123, UCC 4-105, 12 CFR 229.2, 210.2, 12 USC 1813.

## ARGUMENT

**I.**    **Did the District Court err as a matter of law or abuse of his discretionary powers in dismissing Fraud against FTNB? (Response to Appellees Brief).** Appellant argued in the first amended complaint that FTNB never loan the Appellant any of its own money. **(RE 3- Page 6-Par.1,Page 12  Par.3)**  First, FTNB gave no consideration to consummate the original loan. Secondly, the contract that was signed by Appellant was a unilateral contract. Thirdly, FTNB never signed the contract. FTNB and its Attorneys fail to respond or answer Qualified Written Request pursuant to the RESPA  as to the source of funding of the alleged loan between Appellant and FTNB signed on August 14, 1987 the alleged unilateral contract agreement. This document was also filed in the District Court **(RE- 42 Evidence 1)**. Pursuant to FRCP 15(a) The District Court refused to grant the Appellant leave to amend his

original pleading of the first amended complaint. However the Appellant filed a motion

Plaintiff response in opposition of Defendant motion to dismiss for failure to state a

claim.**(RE-15 pg 1-24)** Appellant responded with particularity that did satisfy the standard

for fraud. District Court denied. If FTNB is governed by banking laws under 12 USC and its

charter they knew going into this loan process 1. they could not lend it depositors money. 2.

they had full knowledge that the borrowers signature on the loan promissory note created the

credit that generated federal notes. 3. FTNB had full knowledge that open a transactional

account in the borrowers without the borrowers knowledge. 5. FTNB had full knowledge

that it did not loan the borrower its money. FTNB ledgered a liability on its books meaning it

owed the borrower money. the Federal Reserve Chicago Modern Money Mechanic Page 6

says, "What banks do when they make loans is to accept promissory notes in exchange (an

exchange or swap is not a loan) for credits to the borrowers transaction accounts" (emphasis

added).That FTNB induced the Appellant into a fraudulent contract. FTBN knew that it was

not loaning money and the Appellant relied on statement of FTNB to be the truth because

Appellant signed the loan. The United States Code, Title 12, Section 24, Paragraph 7 confers

upon a bank the power to lend its money, not it's credit. Every element of fraud was already

in place whether the Appellant alluded to them or not. FTNB had full Knowledge of these

Banking Laws and violated them anyway. Appellant relied on FTNB coming with clean

hands in fact were lending the Appellant money as advertised. ."Any false representation of

material facts made with knowledge of falsity and with intent that it shall be acted on by

another in entering into contract, and which is so acted upon, constitutes 'fraud,' and entitles party deceived to avoid contract or recover damages." <u>Barnsdall Refining Corn, v. Birnam Wood Oil Co.</u>, 92 F 26 817. As it relates to all evidence submitted by Appellant we need only look to what the Supreme Courts stated in "Haines v. Kerner 404 U.S. 519 (1972) stated that all litigants defending themselves must be afforded the opportunity to present their evidence and that the court should look to the substance of the complaint rather than the form, and that a minimal amount of the evidence is necessary to support contention of lack of good faith.(see ) Memphis.TN Area Local AM Postal Workers Union AFL-CIO v. City of Memphis 20-5694 2004 WL 103000@3 6th Cir. Jan 21, 2004 "Under the federal notice pleading standards. A complaint need only put a party on notice of the claim being asserted against it to satisfy a federal requirement of stating a claim upon which relief can be granted."

**II. Did the District Court Judge error as a matter of law disregarding Appellant's submitted evidence under FRCP 59 (e)  and FRCP 901, Affidavit of Jeffrey Tolson, Evidence listed as E- (RE 38 exhibit 1-4) Motion Submission FRCP 59(e)?**

Did the District Court Judge error as a matter of law for calling the Appellant evidence frivolous, without any basis applicable in law cited? Appellant submitted the Affidavit of Jeffrey Tolson a Mortgage Forensic Auditor who examined the Appellant loan documents' on May 23, 2013. Mr. Tolson certified his experience in researching Mortgage documents. Mr. Tolson submitted his finding in an Affidavit to the District Court. The Affidavit asserted that FTNB traded, sold and

collateralized the Appellant loan into a First Horizon Mortgage Pass-Through Trust 2007-1 on or about October 12, 2006 with the Bank of New York as the Trustee and FTNB retaining servicing rights. On January 25, 2007 the trust filed with the Securities Exchange Commission (SEC) a Free Writing Prospectus (FWP) which contained to Appellants Note and Deed. On January 30, 2008 the Trust filed with the (SEC) its form 15D Certification and Notice of Termination. On March 28, 2008 the Trust filed with the SEC its final Form 10K. Based on Mr. Tolson investigation, the note and Deed of Trust were never transferred or assigned from the Trust to the Bank of New York. The assertions were never rebutted by the Appellees or their Attorneys. They only remarks made in reference to this Affidavit were made by Attorney Nolan Johnson who represent FTNB, FHNC, NM Harold Lewis, Bruce Hopkins and Bryan Jordan. Attorney Johnson stated that the "Plaintiff only wants to rely on the Affidavit of Jeffrey Tolson". A presumption is a Rule of LAW, Statutory or Judicial, by which the finding of a basic Fact gives rise to the existence of presumed fact until Presumption is rebutted. **(See)** Van Wart v. Cook, 557 P. 2d 1161. In the COMMERCIAL LAW of all States, a Presumption means that the Trier **(the Judge)** of Fact, must find the existence of the Fact presumed per FRCP 52, unless and until the Evidence is introduced which would support a finding of its Non-existence. "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient which we hold to less stringent standards than formal pleadings drafted by lawyers" Fortney v. U.S. C.A.9 (Nev) 1995, 59 F.3d 117 " the United State Supreme Court, in Haines v. Kerner 404 U.S. 519 (1972) stated that all litigants defending themselves must be afforded the opportunity to present their evidence and that

the court should look to the substance of the complaint rather than the form, and that a minimal amount of the evidence is necessary to support contention of lack of good faith."

" Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys **(See)** BLACK'S LAW DICTIONARY, 6th Ed. (1990), p. 126. The evidence is not outside the scope of the pleading as Appellee Attorney Johnson alleges it shows a direct causation what Appellant has assert all along. The evidence supported the pleading of the First amended complaint and shows that FTNB sold, transferred, and collateralized the Appellant loan and potentially separating the deed and the note. The District Court error as a matter law and clear erroneous application to the evidence presented. The District Court made no such ruling where a legal standard was applied it was stated that it was without merit.(RE-44 page 3-4) Order denying Plaintiff's objection, order denying pending motions, order adopting report and recommendation, order of dismissal, order certifying an appeal would not be taken in good faith and order denying leave to appeal in forma pauperis. The Appellant showed merit as it demonstrated through the evidence that the Appellant loan had been securitized and raised the question of presumption of fact who is the holder in due course and FTNB lacked standing to foreclose on the Appellant primary dwelling. **(RE-3 pages 3,5,6, 8)**. Furthermore, the magistrate report states "Although Plaintiff has not specified a rule or status which he seeks to proceed, his motion must be treated as a Rule 59(e) FRCP because the District Court's order dismissed all of Plaintiff claims against the dismissed Defendants. Cockrell v. First Tenn. Bank, No 98-2497D/V, 1998 WL 652516, at *1(W.D.Tenn. July 16,1998)

("Because the court's order disposed of plaintiff's claim, the court will treat the instant motion as a motion under FRCP 59(e). Magistrate quoted case law that a motion for reconsideration of a previous order are extraordinary and should be granted sparingly.(RE-37 page 6)   such motions cannot be used to raise new legal arguments that could have been raised before the claims were dismissed Magistrates goes on to quote additional case law regarding FRCP 59(e) see (RE-37 page 6-8). In reviewing the case law presented by the magistrate and her orders were presented on June 06,2013, Defendants were dismissed on February 05, 2013 by the District Court judge Todd. The newly discovered evidence was discovered on May 23, 2013. Defendant was dismissed before the new evidence was discovered. The Court should have granted the Appellant newly discovered evidence pursuant to FRCP 59(e) and to prevent a manifest of injustice. When the Magistrate gave her report the Appellant had not filed a FRCP 59(e) Appellant filed his motion FRCP 59(e) on July 03, 2013. Based on this procedural error the District judge should have allowed the Appellant FRCP 59(e) to be admitted and Appellant motion for discovery (RE-42.)

**III. Whether the District Court for the Western District of Tennessee correctly determine that all evidence presented to the Court and submitted to Appellees by the Appellant was irrelevant and did not raise a question of presumption of the facts that required a rebuttal?**

Rebuttable Presumption, In the LAW of EVIDENCE, a Presumption which may be rebutted by Evidence. Otherwise called a "Disputable" Presumption. A species of LEGAL Presumption which holds good until Evidence contrary to it is introduced. **(see)** Beck v. Kansas City Public

Service Co., Mo. App., 48 S.W. 2d 213, 215. It shifts Burden of Proof. Although the affidavit of Jeffrey Tolson was not rebutted the Facts presented clearly shows a cloud on title on the part Appellee FTNB, FHNC and NM. The facts also indicate that FTNB, FHNC and NM lack standing and are not the real party of interest in the Appellant property. UCC 3-305, and a claim under 3-306, Appellant has a possessory and property claim against the cash proceeds under the liability side of FTNB accounting ledger. UCC 3-306, states there cannot be a holder in due course on a promissory note after they deposit it. Federal Reserves Chicago Modern Money Mechanic Page 6 says, "What they do when they make loans is to accept promissory notes in exchange (an exchange or swap is not a loan) for credits to the borrower's transaction accounts" (emphasis added). Further, the Appellant submitted a Quit Claim Deed to transfer legal ownership of his property known as 1980 Prado Ave, Memphis Tennessee 38116 **(RE 38, page 5 Exhibit 5 Exhibit E1-10).** Appellant sent Appellees Notice to Cancel, Notice of Right to Cancel, Revocation of Power of Attorney Revocation of Signature Affidavit, Qualified Written Request Demand Affidavit, UCC 3 Financing Statement, Warranty Deed, Certificate of Acknowledgement and Acceptance with Certificate of Notary. Because the burden of proof has shifted to the Appellees they are obligated by law to respond or the fact the Appellants has presented stands as truth. Appellees Attorney Morgan will find that all documents have been submitted to the District Court as well as to all Appellees and the documents are filed in the Shelby County Register of Deeds see (RE-38 Exhibit #4). The documents have relevant case law that supports each documents that the Appellees all had and opportunity to rebut and did not

respond and now the documents stands as truth in law of maxims. When the Appellant steps outside FRCP the Appellees are sure to point it out. But when they don't adhere to the rule of law they are somewhat amazed. Appellant and Appellees are held to the same standards applicable in law. Appellant asks that the Appellate Court review this evidence and it relevant and the Appellees lack of response as they were given a time frame to do so Constructive Notice. The documents show that the Appellees have no standing in the Appellant property all of their duties and responsibilities as trustees, assign, and beneficiaries have been terminated as it relates to Appellant property known as 1980 Prado Memphis, Tn 38116. As the originator of the deed of trust a unilateral contract Appellant had the right to terminate the Appellees through the right of rescission. The documents are self explanatory was mailed to Appellees and filed in the District Court they never responded as requested by the documents. Furthermore, Appellant filed a UCC 3 financing statement filed with the Tennessee Secretary of State claiming the Appellant Loan Promissory Note as a collateral asset of the Appellant .

**IV. Whether the District court erroneous apply the law UCC 3-603 and UCC 3-304 lawfully discharged the mortgage debt on his property Known as 1980 Prado Ave, Memphis, Tennessee 38116 pursuant to Public Policy House Joint Resolution 192, 48 Stat. 112, Public Law 73-10, 31 USC 5118(d)(2) through the use of and Electronic Fund Transfer negotiable instrument?**

The Commercial law is very clear in respect to the UCC. The Legal and Lawful Authority for the Commercial Process Memorandum Of Law. Bill of Exchange/Trade Acceptance is in accord with

public law Chapter 48 48 stat. 112 and HJR-192 June 5, 1933 and the Uniform Commercial Code and is presented for the receiver of the Federal Window for settlement(EFT), within the 3 day Truth and Lending time for settlement. As of 1933 a person has lawful money of account to pay debt as law without becoming a tort feasor. "accepted for value and Promissory Notes and Bill of Exchange are lawful to discharge debt under Public Law 73-10, HJR-192 of 1933, Title 31 USC 3123, and 31 USC 5103 and by treaty; in this case the United nations Convention on International Bill of Exchange and the international promissory notes (UNICITRAL) and the Universal Postal Union Headquartered in Bern Switzerland. International Promissory note is legal tender as a national bank or note of a national banking association, by legal statutory definition (UCC 4-105, 12 CFR 229.2, 210.2, 12 USC 1813. Issued under the authority of the United States 31 USC 392, 5103 which establishes and provides for its issuance as Public Policy in remedy for discharge of equity interest to recover on that portion of the public to its principals and sureties of the United States.(we the people). Appellant sent WA, FHNC and NM a legal and lawful Bill of Exchange/Trade Acceptance negotiable instrument (EFT) electronic fund transfer pursuant to UCC 3-304,.**(see RE 3 Page 8)** UCC-3-304 (b)(3)- If a due date with respect to principal has been accelerated, the instrument becomes overdue on the date after the accelerated due date. UCC-3-603 (**a**)Tender of Payment- If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.(**b**) If payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the Tender is

refused, there is discharge, to the extent of the amount tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which tender relates.(**c**) If tender on a payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. Further 31 USC Sec. 5118 (d)(2) there can be no requirement of repayment in legal tender since legal tender was not loaned and repayment need only be in equivalent kind. Enacted to remedy the specific evil of tying debt to a particular currency or requiring payment in a greater number of dollars than promised. As of October 27, 1977, legal tender for discharge of debt is no longer required. That is because legal tender is not in circulation at par with the promise to pay credit. WA violated the law UCC 3-304(b)(3)and 3-603(b).31 USC 5118(d)(2) although WA sent the EFT instrument back and demanded certified fund they violated 31 USC 5118(d)(2). It is clear that the debt is discharged in the amount tendered. NM although NM sent the EFT negotiable instrument back and stamp it received they violated 304(b)(3)and 3-603(b).31 USC 5118(d)(2). It is clear that the debt is discharged in the amount tendered. Further because the alleged loan was accelerated and was due on the day after acceleration May 09, 2012. First Horizon Home Loan accepted the Bill of Exchange/Trade Acceptance EFT instrument therefore the debt was legally and lawfully discharged in accordance with HJR-192. Nationstar Mortgage LLC comes with unclean hands to the Courts. Please review exhibit (1) submitted as evidence recently discovered. As its relates to the Bill of Exchange/Trade acceptance (EFT) negotiable instrument. Appellant has discovered an individual who submitted an (EFT)

instrument to Nationstar mortgage to discharge his mortgage debt the same as the Appellant did. The difference between the two of us is Nationstar discharged the debt and release the deed filed in the Shelby County register office and cancelled the lender placed insurance. Please see attached documents. The Negotiable instrument was drawn on the same bank FTNB. These documents clearly show that pursuant to UCC that Appellee FTNB, FHHL, NM is entitled to enforce these documents. When Congress enacted HJR-192 and all supporting statutes mentioned above it enacted the laws to apply to each and every citizen equally.  The District Court judge apply the law wrong from the original complaint he addressed HJR-192 as an account from my bank instead of what the law was regarding HJR-192. This is the same process that the courts use for everyone that has a docket number in the Courts.

## **CONCLUSION**

Appellees FHNC, WA, NM violated commercial law by refusing payment to legally discharged debt sent to them under Notary Presentment pursuant to UCC 3-304, 3-603 in accordance with 31USC 5118(d)(2). Judge Todd clearly error as a matter of law in his application and the intent of the law. As it relates to all evidence submitted by Appellant we need only look to what the Supreme Courts stated in"Haines v. Kerner 404 U.S. 519 (1972) stated that all litigants defending themselves must be afforded the opportunity to present their evidence and that the court should look to the substance of the complaint rather than the form, and that a minimal amount of the evidence is necessary to support contention of lack of good faith." Appellant evidence was not look

upon favorably by the Courts. The affidavit submitted by Jeffrey Tolson went unrebutted. Appellees have not prove to the courts that they are the real party in interest to foreclose on the Appellant property. "Indeed, no more than (affidavits) is necessary to make the prima facie case." United States v. Kis, 658 F.2d, 526 (7th Cir. 1981). Cert Denied, 50 U.S. L.W. 2169; S. Ct. March 22, (1982). Tolson Affidavit clearly states that FTNB sold the loan into a First Horizon Mortgage backed Pass-Through 2007-1 his assertions were never rebutted in Affidavit form as required by law. Further this put cloud on title to who is the real party of interest regarding the Appellant property. Federal Rule of Civil Procedure 17(a)(1) which requires that "[a]n action must be prosecuted in the name of the real party in interest." 365-66 (Bankr. W.D. Wash. 2009); In re *Hwang*, 396 B.R. 757, 766-67 (Bankr. C.D. Cal. 2008). See also, In re *Jacobson*, 402 B.R. 359, FTNB,FHNC, NM have all failed to prove they are the real party of interest. If FTNB, FHNC and NM were the real party of interest and could produce the original Loan Promissory Note they would have done so in the District Court. In order to foreclose in Tennessee all documents must be perfected and cannot be separated Trust Deed /Promissory Note. FTNB cannot be the holder in due course because it is forbidden by UCC. FTNB is in possession of my Loan promissory note and I want it back pursuant to my rights under UCC 3-306 counterclaim recoupment is my asset and collateral evidence by UCC Financing Statement filed with the Tennessee Secretary of State. "A bank is not the holder in due course upon merely crediting the depositors

account." <u>Bankers Trust v. Nagler</u>, 229 NYS 2d 142, 143.Judge errors as a matter of law, Appellee lack of proof they are entitle to the Appellant property for a lack of standing and have not prove they are the real party of interest. Appellant pray that this court will reverse the District Court ruling. Appellant further prays for a favorable ruling that the debt has been lawfully discharged in accordance with HJR-192 and supporting statutes mentioned in this brief and reverse the District Court ruling for its misinterpretation of HJR-192 and supporting statutes mentioned herein. Wherefore Appellant prays for a favorable ruling of clear errors, matter of law rule against the District Court rulings.

Respectfully submitted,

Eddie Sylvester Jones Jr.

Eddie Sylvester Jones Jr
1980 Prado Ave
Memphis, Tennessee 38116
(901) 265-5453
Pro Se Litigant

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type volume limitation provided in Rule 32(a)(7)(C)(i) of Federal Rules of Appellate Procedure. The foregoing brief contains 5,111 words of Times New Roman (14pt) proportional type. Microsoft Word is the word processing software that I used to prepare this brief.

Eddie Sylvester Jones Jr.

**CERTIFICATE OF SERVICE**

I Eddie Sylvester Jones Jr hereby certify that the Appellant Brief sent on this 5th day of November 5, 2013, 2013 a true and correct copy of the foregoing was served to the below listed counsel via U.S. Postal Mail.

Nolan M. Johnson                         Jerry Morgan
Kristine L. Roberts                       Wilson and Associates PLLC
Baker Donelson, Bearman, Caldwell& Berkowitz PC    Creekside Crossing III
165 Madison Ave Suite 2000                8 Cadillac Drive, Suite 120
Memphis, Tennessee 38103                  Brentwood, Tennessee 37027

Eddie Sylvester Jones Jr.

Exhibit 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

First Tennessee Bank
ATTN: First Horizon Home Loans
(Payment Processing)
165 Madison Ave
Memphis, TN 38103

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

_____ 6/18/12

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7010 1870 0000 2267 5499

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

JUNE 10, 2012                    Exhibit 1                    CERTIFIED RECEIPT# 7010 1870 0000 2287 5499

This is a Lawful notification and request pursuant to the FOIA that on 30th day of May, 2012, I, Eddie S. Jones, Jr, mailed an EFT instrument Document to: ADDRESS:

                                        FIRST TENNESS BANK
                                        ATTENTION: Payment Processing
                                        165 MADISON AVE.
On Behalf of:                           MEMPHIS, TN 38103

Eddie S. Jones, Jr          ACCOUNT # 24-3132498
1980 Prado Ave
MEMPHIS, TN 38116

FIRST TENNESSE BANK is required by UCC and applicable law to respond accordingly within specific time frames by either crediting the account properly, or in the case of a financial instrument with defects, noting said defects so that they can be corrected and returning the original untouched instrument via certified mail or the equivalent, so that the same could be corrected and returned to the financial institution for proper adjustment of the accounting and PROCESSING PAYMENT.

A copy of the Enclosed instrument# 2580, for the amount of $ 24,801.69 is for Electronic Funds Transfer (E.F.T.) (ONLY) NOT FOR DEPOSIT, was to be processed for payment to NATIONSTAR MORTGAGE LLC, Accounts Department to process and settle the ACCOUNT # 0596967612 for the below "Recipient" received by FIRST TENNESSEE BANK, FIRST HORIZON HOM LOANS on June 01, 2012 via CERTIFIED MAIL. In accordance to your legal representative you were in receipt of all documents forwarded to you on May 25, 2012.

                        NATIONSTAR MORTGAGE LLC
                        350 HIGHLAND
                        LEWISVILLE, TX 75067

DOCUMENTS:  Copy of original EFT    USPS Receipts (2)        Attorney Response Letter

You received the EFT instrument via certified mail on June 01, 2012, USPS Article number 7011 3500 0000 0756 2748. Please provide a written response as previous requested that you have processed the EFT instrument. Your response within the next five (5) days will be greatly appreciated (UCC 3-304). Please confirm the above transaction for verification in writing and that payment was processed on behalf of the above ACCOUNT HOLDER. Thank you for your time and attention,

I, Eddie S. Jones, Jr., certify that these Documents have been witnessed on this 10th day of JUNE, 2012, and all the Documents being sent out are true and correct to the best of my knowledge.

Signature _Eddie S. Jones Jr_____        Date: _6-10-12_____

State of Tennessee
County of Shelby

Subscribed and sworn to (or affirmed) before me on this 10th day of JUNE, 2012 by Eddie S. Jones Jr, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal)          [Notary seal: ANTHONY D. HAYES / STATE OF TENNESSEE NOTARY PUBLIC / COUNTY OF SHELBY]

                _Anthony D Hayes_____        _11/21/2012_____
                Notary Public               My Commission Exp.

Exhibit 1



# Tom Leatherwood
### Shelby County Register

As evidenced by the instrument number shown below, this document

has been recorded as a permanent record in the archives of the

Office of the Shelby County Register.

## 12071957
### 06/28/2012 - 03:03 PM

| | |
|---|---|
| 2 PGS | |
| FRED BECKHAM | 967585 - 12071957 |
| VALUE | 0.00 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 10.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| WALK THRU FEE | 0.00 |
| TOTAL AMOUNT | 12.00 |

## TOM LEATHERWOOD
REGISTER OF DEEDS SHELBY COUNTY TENNESSEE

1075 Mullins Station Suite W165 ~ Memphis Tennessee 38134 ~ (901) 379-7500
http://register.shelby.tn.us

*Exhibit 1*

Recording Requested By:
Centex Home Equity Company, LLC
Prepared By:
Debora C. Cox
888-603-9011
450 E. Boundary St.
Chapin, SC 29036
When recorded mail to Trustee/ Trustor:
_____ c/o
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

Case Nbr:   19105714
Ref Number:   0240301805
7/10/2012
Property Address:
2954 Spottswood Ave
Memphis, TN 38111-2239

This space for Recorder's use

## FULL DEED OF RELEASE

NATIONSTAR MORTGAGE LLC F/K/A CENTEX HOME EQUITY COMPANY, LLC F/K/A CENTEX
CREDIT CORPORATION DBA CENTEX HOME EQUITY CORPORATION, the present holder for the
Deed of Trust described below, in consideration of full payment and satisfaction of the debt secured thereunder,
does hereby reconvey, without warranty, to the person(s) legally entitled thereto all of the estate, title and interest
conferred to said holder by the Deed of Trust described below:

Original Lender:       CENTEX HOME EQUITY CORPORATION
Borrower(s):           KERWIN L. LOCKETT AND MARSHELLIA LOCKETT HUSBAND AND
                       WIFE
Original Trustee:      AMERICAN TITLE COMPANY
Date of Deed of Trust: 4/25/2000
Loan Amount:           $54,000.00
Recorded in SHELBY County, TN on: 5/4/2000, book N/A, page N/A and instrument number KE 3401

IN WITNESS THEREOF, the undersigned has caused this Deed of Release to be executed on 6/28/2012

NATIONSTAR MORTGAGE LLC F/K/A CENTEX
HOME EQUITY COMPANY, LLC F/K/A CENTEX
CREDIT CORPORATION DBA CENTEX HOME
EQUITY CORPORATION
By: _____  *Electronic Signature*
Angela Venner, Asst. Vice President

State of SC, County of Lexington

On this 28 day of June, 2012 before me personally appeared Angela Venner, Asst. Vice President of
NATIONSTAR MORTGAGE LLC F/K/A CENTEX HOME EQUITY COMPANY, LLC F/K/A CENTEX
CREDIT CORPORATION DBA CENTEX HOME EQUITY CORPORATION who provided satisfactory
evidence of his/her identification to be the person whose name is subscribed to this instrument, and he/she
acknowledged that he/she executed the foregoing instrument.

_____  *Electronic Notarization*
Notary Public: Michelle B. Wymer
Newberry County, South Carolina
My Commission Expires: 7/24/2017

MICHELLE B. WYMER
Notary Public
State of South Carolina
My Commission Expires 07/24/2017

*Exhibit 1*

# Certificate of Authenticity

I, Angela Venner, do hereby make oath that I am a licensed attorney and/or the custodian of the electronic version of the attached document tendered for registration herewith and that this is a true and correct copy of the original document executed and authenticated according to law.

 *Electronic Signature*

STATE OF SOUTH CAROLINA    )
                                                  ) SS:
COUNTY OF LEXINGTON        )

Personally appeared before me, Michelle B Wymer, a notary public for this county and state, Angela Venner, who acknowledges that this certification of an electronic document is true and correct and whose signature I have witnessed.

*Electronic Notarization*
Notary Public: Michelle B Wymer
My Commission Expires: 07-24-2017

MICHELLE B. WYMER
Notary Public
State of South Carolina
My Commission Expires 07/24/2017

NAMED INSURED MORTGAGEE - Name and Address     Date of Issue:  June 28, 2012
NATIONSTAR MORTGAGE LLC
ITS SUCCESSORS AND/OR ASSIGNS     
P.O. BOX 7729
SPRINGFIELD, OH  45501-7729

ADDITIONAL INSURED / MORTGAGOR - Name and Address
KERWIN LOCKETT
2954 SPOTTSWOOD
MEMPHIS. TN  38111

## AMERICAN SECURITY INSURANCE COMPANY
PO Box 50355 Atlanta, GA 30302

## LENDER-PLACED INSURANCE
## CONFIRMATION OF CANCELLATION

Property Address:     2954 SPOTTSWOOD
                      MEMPHIS, TN  38111

Re:  Loan Number:  ███████████
     Policy Number: ███████████

Dear Customer:

The Named Insured Mortgagee/Lender has requested cancellation of the lender-placed insurance that was issued in compliance with your mortgage/lien agreement. This cancellation is effective at 12:01 a.m. on 06/25/2012. The reason for this cancellation is:

Named Insured's Request. You have paid off your loan and the mortgagee/lender no longer has an insurable interest in the property.

If you have any questions, please feel free to call your mortgage lender at 1-866-825-9267.

Sincerely,

Insurance Department

Exhibit 1

Acct# 0240301805

**KERWIN L LOCKETT**
2954 SPOTTSWOOD AVE
MEMPHS, TN 38111

1393

25-2/840
173628764

Date 6-18-2012

Pay To The
Order Of  NATIONSTAR MORTGAGE          | $ 72,412.72

Seventy Two thousand four Hundred twelve and 72/100 DOLLARS

**FIRST
TENNESSEE** E F T ONLY    *Priority
Choice*

Memo FOR DISCHARGE OF DEBT    Kerwin L Lockett

⑈084000025⑈:1393  1736 28 764⑈

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nationstar Mortgage
P.O.Box 650783
Dallas TX 75265

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                      ☐ Agent
                                       ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7009 2250 0002 7662 8240

Domestic Return Receipt                          102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nationstar Mortgage
P.O.Box 650783
Dallas TX 75265

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                      ☐ Agent
                                       ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                  JUN 2 11 2012

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7009 2250 0002 7662 8240

PS Form 3811, February 2004    Domestic Return Receipt



# FedEx Express®

**NEW Package**
**US Airbill**

**1 From**  Date 12-24-13

Sender's Name  Eddie Jones

Company

Address  1980 Pablo

City  Memphis  State TN  ZIP 38116

Phone 901 265-5453

FedEx Tracking Number  8025 3616 4275

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name  United States Court of Appeals

Company

Address  100 East Fifth Street Rm 540
Potter Stewart Courthouse

City  Cincinnati  State Ohio  ZIP 45202

Phone 513-564-7000

**4 Express Package Service**  *Packages over 150 lbs.

- FedEx First Overnight
- FedEx Priority Overnight
- FedEx Standard Overnight

Next Business Day

- FedEx 2Day
- FedEx Express Saver

**5 Packaging**  *Declared value limit $500.

- FedEx Envelope
- FedEx Pak
- FedEx Box
- FedEx Tube
- Other

**6 Special Handling and Delivery Signature Options**

- SATURDAY Delivery
- No Signature Required
- Direct Signature
- Indirect Signature

Does this shipment contain dangerous goods?

- No
- Yes  As per attached Shipper's Declaration
- Yes  Shipper's Declaration not required
- Dry Ice  Dry Ice, 9, UN 1845 ____ kg
- Cargo Aircraft Only

**7 Payment**  Bill to:

- Sender  Acct No. in Section 1
- Recipient
- Third Party
- Credit Card
- Cash/Check

Total Packages  Total Weight  Total Declared Value

1-800-GoFedEx 1.800.463.3339

TRK#  0200  8025 3616 4275

**XH LUKA**

116  1  A
119
4275
12.26
RT
FZ

ORIGIN ID:DLVA

UNITED STATES COURT OF APPEALS
100 EAST FIFTH STREET
RM 540 POTTER STEWART COURTHOU
CINCINNATI OH 45202
(513) 564-7000

UNITED STATES US

SHIP DATE: 24
ACTWGT: 0.1 LB
CAD: 7POS1424
DIMS: 0x0x0 IN

BILL SENDER

TBN:
INV:
PO:
DEPT:
REF:

THU - 26
PRIORITY O